Atkins Bros. vs. Scarborough.

No. 13,342.

ATKINS BROTHERS VS. D. C. SCARBOROUGH.

SYLLABUS.

1. *Waiver of jurisdiction by filing answer.* A debtor may file an answer in a suit in which he is defendant in another jurisdiction than that in which he has his domicile, provided the waiver forms no part of a contract entered into looking to a waiver of jurisdiction for its enforcement.

2. *No exception in case of a suit by a married woman.* In the absence of fraud or any intended wrong, the husband may file an answer to his wife's suit for a separation of property in another court than that of the parish in which he resides. The judgment, if voidable, is not void, and the debtor, of a date subsequent, can not, many years after the judgment has been rendered, treat it as an absolute nullity. To this extent the judgment appealed from is annulled, the judgment of separation of property is not decreed void. The writ of injunction is sustained.

3. *Though voidable, not void.* As relates to the other issues presented, for the reason that revocatory action is the remedy under our law for creditors seeking relief against alleged fraudulent disposition of the debtor's property and not a direct seizure, the suit is dismissed as in case of non-suit.

APPEAL from the Tenth Judicial District, Parish of Natchitoches. *Lafargue, J.*

*Wilkinson & Stephens* for Plaintiffs, Appellees.

*Scarborough & Carver (Benjamin Rice Forman,* of Counsel), for Defendant, Appellant.

The opinion of the court was delivered by

BREAUX, J.   Plaintiffs sued out an injunction aginst the defendant, to prevent him from selling, under a writ of *fieri facias,* a plantation situated in the Parish of Natchitoches, of which they are the owners.

They aver, in their petition, that they bought this plantation in good faith for a valid consideration, on the 21st day of December, 1898, the deed of purchase being duly recorded from A. M. Voiers, who was separate in property from her husband, and that the plantation was her paraphernal property; that their vendor has no right or interest in the property, and that it is not subject to seizure.

For answer, the defendant filed a general denial to all of plaintiff's averments, save those specially admitted. He admits the seizure, but denies that Mrs. Voiers, plaintiff's vendor, ever had a title to the property.

He specially alleges that she was not separate in property from her husband; that there was no dissolution of the community, and that the plantation was bought and paid for out of community funds; that the pretended judgment of separation of property was a consent judgment rendered by a court without jurisdiction on an agreement of waiver of jurisdiction entered into by the husband and wife to confer jurisdiction.

Defendant also attacks the sale by Mrs. Voiers to plaintiffs, on the ground that Voiers, the husband, was not a party to the conveyance, for the purpose of conveyance, but only for the purpose of authorizing his wife.

He further alleges, if the sale conferred the title, it should be annulled, for the reason that J. R. Voiers, the husband, was utterly insolvent at the time of the sale to the plaintiffs, to their knowledge, and that they thereby gained an unfair advantage over the other creditors.

He asks that the judgment be decreed a nullity, and, also, the title to plaintiffs, and, in the alternative, if the court holds that the title was translative of property, then that the sale be annulled, on the ground of the insolvenc of J. R. Voiers, and the giving of an unfair preference over other creditors; that the injunction be dissolved and the property sold.

The record discloses the following facts, viz: That the place in controversy was sold by J. A. Prudhomme to Mrs. A. M. Voiers, and that, as alleged, she afterward sold it to plaintiffs.

The vendor to plaintiffs testified that the three hundred dollars ($300) cash paid for the property, as declared in the deed of Prudhomme to her (for eleven hundred dollars, altogether), dated November, 1887, was given to her by her father, and that she executed notes, as purchaser, for the credit portion, payable in January, 1890 and 1891, which were afterward paid by her from the revenues of the property of which she avers she had the control and management.

The parties to the suit signed an agreement setting forth, substantially, that the purpose of the suit was, primarily, to test the validity of the judgment of separation of property obtained by Mrs.

A. M. Voires against her husband, and to that end they requested that its validity *vel non* be first decided by the court before passing on the other issues raised.

It is admitted that J. R. Voiers and his wife were married in the Parish of Natchitoches, and subsequently established their residence in the Parish of Red River, where they were residing at the date of the institution of the wife's suit for the separation of property; that after the suit had been filed in the District Court for the Parish of Natchitoches, at the instance of J. R. Voires, J. E. Breda, the attorney for Mrs. A. M. Voires, prepared for him an answer which Voires signed *in propria persona* and had filed. The suit was taken up instanter, and, on evidence, then and there reduced to writing.

It is also admitted that the defendant, on the 24th day of December, 1898, obtained his judgment and had it recorded, and that J. R. Voires appeared in the deed to Atkins Brothers only for the purpose of authorizing his wife, as stated in the deed. Either party reserved the right to introduce other evidence.

The petition of plaintiff in the suit, for the separation of property, was filed in evidence, to which an answer was filed by the defendant. This answer was dated October 22nd, 1887, and expressly waived the want of jurisdiction of the court *ratione personae*. On November 1st, 1887, defendant appeared by other counsel and filed a general denial as answer. Evidence was heard, judgment was rendered, and, on the 30th day of November, it was signed.

The judgment rendered by the district judge is in favor of Atkins Brothers, plaintiffs, and against the defendant, D. C. Scarborough, perpetuating the writ of injunction, and recognizing plaintiffs as the owners of the property.

From this judgment, defendant prosecutes this appeal, and plaintiffs, in answer to the appeal, ask for an amendment of the judgment maintaining the wife's judgment of the separation of property, and recognizing the paraphernal nature of the ownership when it was owned by Mrs. A. M. Voiers.

We are impressed by the fact that more than ten years had elapsed between the date Mrs. A. M. Voiers acquired the property in controversy, and the date that she obtained a judgment against her husband; and more than ten years had elapsed between the date of her purchase of the property and the date of Scarborough's judgment. The question is whether this judgment can be held void at the instance of a

creditor whose claim is of a date long subsequent to the date of the judgment.

This judgment, in so far as third persons are concerned, has every appearance of validity. It was rendered by a court of competent jurisdiction *ratione materiae* and the waiver of jurisdiction *ratione personae* does not give rise to an illegality of which any creditor of the husband, of a date long subsequent, can avail himself to sustain direct seizure. The title of the wife to the property and her judgment obtained against her husband, had remained of record without the least question concerning the validity of her ownership, or the legal effect of her judgment, when plaintiffs became the owners. This judgment, in so far as it confirms plaintiffs' right to buy, is binding on all the creditors of a date subsequent to the extent that they are without right to treat it as void.

Counsel for defendant contends that suits between a husband and wife for separation of property affect a public interest, and their consent can not confer jurisdiction, as it can not in divorce suits and suits for separation from bed and board. But the objection has not the same force when urged against a judgment of separation of property obtained before a tribunal by consent, as relates to jurisdiction, as it is not a question of *status*. It relates, exclusively, to a right of property and does not affect the marriage relations of husband and wife. The wife has the same rights and privileges as other creditors, and can sue for and obtain a judgment of separation of property and of the dissolution of the community. She is not restricted in that right any more than any other creditor, save that she must comply with the requirements in such cases. There is a general rule in civil matters, that one must be sued before his own judge, but the courts have not given the rule a close interpretation. It has been held in a number of decisions, that one may waive personal jurisdiction by appearing and pleading to the merits.

Defendant contends that this case is different from those cases in which it was held that one may bind himself by accepting service and waiving jurisdiction at the time suit is brought, and that it is to be governed by Article 162, C. P., from which we extract the following: "It is a general rule in civil matters that one must be sued before his "own judge."

In Phipps vs. Snodgrass, 31 Ann., 88, this court, speaking through Justice Spencer, said, that "it was to prevent hard pressed debtors

from entering into contracts whereby they waived their domicils and elected in lieu thereof the counting rooms of their merchants. But one may be sued elsewhere, and, if he pleads to the merits, he is held bound by the judgment in a case in which the question of jurisdiction is not raised. No exception to this rule arises, save when the defendant is a minor." C. P., 93.

The Supreme Court referred to this case approvingly in Stevenson vs. Whitney, Tax Collector, 33 Ann., 655, and said that the contrary jurisprudence established for a time by the court over which Chief Justice Ludeling presided, was not well founded, and that it had been reversed.

In Stackhouse vs. Zuntz, 36 Ann., 531, the court said: "Whatever may have been the tenor of the earlier decisions to which we are referred as to the effect of a waiver of the jurisdiction as to persons, it suffices to say that they have been expressly overruled; and it is now the settled jurisprudence that parties may, by consent, waive personal jurisdiction and submit their controversy to the determination of another tribunal than that of their domicil, having jurisdiction over the subject matter, and that the latter thereby becomes vested with complete jurisdiction over the case." Marqueze vs. LeBlanc, 29 Ann., 194; Phipps vs. Snodgrass, 31 Ann., 88; Ranlett vs. White Lead Co., 30 Ann., 56; Stevenson vs. Whitney, Tax Collector, 33 Ann., 655.

This was substantially laid down as the view of the court in Kelly vs. Lyons, 40 Ann., 498. We have not found anywhere anything which would justify the interpretation that the wife's suit in this respect is different from that of other creditors. The rule restraining actions affecting "the rights of others and the public good", at the time suit is brought, has not, in our view, scope enough to embrace this case and reduce the judgment of the wife, obtained on a waiver of jurisdiction *ratione personae,* to an absolute state of non-existence. The matter is one of private and not public interest, and those injured are left to their remedy under the law.

We do not hold that a wife may be favored with jurisdiction in her suits at law wherever and whenever she pleases, regardless of the rights of others, but we hold that in these proceedings, the purchaser had the right to presume that the judgment was valid and binding.

Of this, we are quite certain, the nullity, if it be a nullity, is not absolute. It is not one of which a creditor can avail himself, in order to maintain his seizure, and therefore we sustain the judgment of sep-

aration of property as between plaintiffs and defendant, in so far as it sustains plaintiffs' contention that their property was not subject to a direct seizure.

As relates to the attack upon the judgment, on the ground that it is a judgment based upon consent alone, we think that the following is a complete answer to the petition of defendant: "A direct action must be brought to annul a consent decree." Bell vs. Francke and Dannell, 23 Ann., 599; Equitable Securities Co. vs. Block, 51 Ann., 478.

It is, therefore, ordered, adjudged and decreed that the judgment of separation of property and of the dissolution of the community remain undisturbed as valid between the parties to this suit and not subject to be considered as non-existing and void.

It is ordered, adjudged and decreed that plaintiffs, Atkins Brothers, do have and recover judgment against D. C. Scarborough, sustaining and perpetuating the writ of injunction herein sued out by them on the grounds heretofore stated; and it is further decreed that plaintiffs' title was sufficient in law to convey ownership, and we annul and set aside every part of the decree appealed from which may be in the way of the revocatory action, and dismiss the case as in case of non-suit as relates to the revocatory action, reserving to defendant all rights, if any, he has in this respect. Costs of appeal to be paid by the appellees.

BLANCHARD, J., dissents, holding that in suits between husband and wife, domiciliary jurisdiction can not be waived and the judgment of the separation of property is an absolute nullity.

MONROE, J., concurs in the above.

## ON APPLICATION FOR REHEARING.

Our attention is called to the fact that the deed of purchase from J. Ailhand Prudhomme and others is dated November 21st, 1887. In our opinion we referred to this deed as of a date long anterior. The fact is that the judgment is dated November 3rd, 1887, and the deed of sale November 21st, 1887. We make the correction and insert here the correct date, only for the sake of being accurate. The fact has not the least bearing on the issues of the case, and, therefore, our decree remains unchanged.

Rehearing refused.