## LAGERHOLM, Respondent, v. LAGERHOLM, Appellant.

**St. Louis Court of Appeals, June 23, 1908.**

**DIVORCE:** Jurisdiction: Residence in County. Under the provisions of section 2922, Annotated Statutes of 1906, requiring proceedings in divorce cases shall be had in the county where plaintiff resides, where the plaintiff in a divorce case to which the defendant had answered and filed a cross-bill, admitted in his testimony that he was a resident of another county from that in which suit was brought, his bill and the cross-bill of the defendant were properly dismissed.

Appeal from Butler Circuit Court.—*Hon. J. C. Sheppard,* Judge.

**AFFIRMED.**

Lagerholm v. Lagerholm.

BLAND, P. J.—The action is for divorce. In his petition plaintiff alleged indignities, which, if true, were sufficient under the statute to entitle him to the relief prayed for. The answer was a general denial and a cross-bill in which defendant alleged such misconduct and indignities as to entitle her to a divorce, if she was the innocent and injured party. The parties were married in the city of St. Louis, in 1890, and continued to live in said city until the year 1905, when they purchased a farm in Jefferson county, Missouri, and established their home thereon. The suit was brought in the Butler Circuit Court. The summons was served on defendant at her home in Jefferson county. There was a mortgage of $1,000 on the farm. Plaintiff testified that after they moved to the farm, it was mutually agreed between himself and wife that he should go to Poplar Bluff, in Butler county, and earn wages and pay off the mortgage; that he went there and out of his earnings paid $350 on the mortgage; also the interest thereon and some back taxes; that after going to Poplar Bluff he made frequent visits of from four to six days duration to his home in Jefferson county, and these visits continued until a short time before he brought his suit for divorce.

After both parties had offered their evidence the court called plaintiff to the witness stand and the following occurred:

"By the Court: Q. Why did you come down here? A. The money we had in the bank commenced to run down; we only had $94 and it was approaching the time when I should pay the interest and I knew I had a big mortgage and I had nothing to redeem that mortgage.

"Q. You thought you could hire a man to run that farm to do as well as you could and you could come down here and make some money to pay off the mortgage? A. Yes, sir.

"Q.   When you got your mortgage paid off you wanted to go back and live there?  A.  Yes, sir.

"Q.   That is your home?  A.  Yes, sir.

"Q.   And is yet?  A.  Yes, sir.

"Q.   And has been all the time?  A.  Yes, sir.

"By the Court: You had better take your divorce suit up to the county where you belong.  I don't believe I have jurisdiction to try divorce cases for people living all over the State.

"By Defendant:  We are forced into court, being brought in here to answer this petition, and being forced in here we think your honor has jurisdiction of the cross-bill."

Whereupon both the petition and cross-bill were dismissed by the court and judgment was rendered against plaintiff for the costs, from which action of the court defendant appealed.

Plaintiff's evidence shows that his place of residence was in Jefferson county at the time he brought the suit, therefore, the question in the case for decision is whether the provisions of the statute, requiring that "proceedings (in divorce cases) shall be had in the county where the plaintiff resides," (sec. 2922, Ann. St. Mo., 1906) is jurisdictional or merely prescribes the venue of such cases.

In Pate v. Pate, 6 Mo. App. 49, this court held this provision of the statute was jurisdictional and to show jurisdiction it was essential that the plaintiff allege in the petition that he or she was a resident of the county in which the suit was brought.

In Werz v. Werz, 11 Mo. App. 30, Judge THOMPSON reviewed the legislation on the subject and, noticing the Pate case, said: "Under a settled rule of statutory interpretation, this form may be looked to to explain the meaning which the Legislature intended to be placed upon the statute; and, taking it so, there can be no doubt that this section of the statute was not intended to de-

clare a fact essential to jurisdiction, but was merely intended to prescribe the venue, a statement of which need not be embraced in the body of the petition. If the suit is not brought in the county of the plaintiff's residence, that is a fact pleadable in abatement; and, unless pleaded in abatement, it is waived.

"So far as I can learn, the profession have generally acted upon this view. My inquiries upon this subject lead me to believe that nearly all the divorces which were granted within this appellate district, prior to the judgment of this court in Pate v. Pate, were founded upon petitions which did not contain this allegation. These divorces have been followed in most cases, no doubt, by marriages, and children have been born of these marriages. If we are now to hold that these marriages are mere nullities, and that either party to one of these marriages is at liberty to have it set aside at pleasure upon application to the court for that purpose; if we lay down a rule which will make the parties to these marriages liable under the criminal statute for open and notorious adulterous cohabitation, the very greatest evils and hardships will result. If it were necessary to do so in order to avoid these consequences, I should not hesitate to express myself in favor of overruling the decisions of this court both in Cole v. Cole and in Pate v. Pate."

In Gant v. Gant, 49 Mo. App. 3, the Kansas City Court of Appeals denied the authority of the Pate case and held that it was not necessary that plaintiff allege in his or her petition that he or she resided in the county where the suit was brought. It seems to me that Judge THOMPSON took the proper view of this provision of the statute—that it directs where the suit shall be brought but does not require, as a prerequisite to the jurisdiction of the court, that the suit be brought in the county where the plaintiff resides. The circuit courts of the State are courts of general jurisdiction in both

law and equity cases and have original jurisdiction in all divorce proceedings, hence they have jurisdiction in divorce cases, irrespective of the county where they are commenced.    If suit is brought in a county where the plaintiff has no right under the statute to bring it, advantage of this fact can only be taken by a plea in abatement; in such case, if the defendant files no plea in abatement but pleads to the merits, the question of venue is thereby waived and the court may proceed to hear and determine the cause on its merits as though the suit had been brought in the proper county.    The learned circuit judge followed the ruling in the Pate case which is no longer authority for the statement therein, that the petition must allege that plaintiff resides in the county where the suit is brought to confer jurisdiction on the court, and I think the judgment should be reversed and the cause remanded for new trial.    But Judges GOODE and NORTONI are of the opinion that as plaintiff alleged in his petition that he was a resident of Butler county, the trial court, on proof that he was a resident of Jefferson county, properly dismissed the cause, wherefore the judgment is affirmed.