O’NIELL, Chief Justice.
 

 The Court of Appeal for the Second Circuit, acting under authority of section 25 of article 7 of the Constitution, asks for instruction on a question of law arising in a case which has been argued and submitted to the court for decision.
 

 
 *841
 
 The facts, from which the question arises, are stated by the Court of Appeal. Abner Russell brought this suit against Alphonse Taglialvore and others for damages for the death of Mrs. Nellie Gray Russell, who, the plaintiff alleged, was his wife. She was hilled in an automobile accident, in which, the plaintiff charges, the defendants were guilty of negligence. They pleaded in their answer to the suit that, when the plaintiff married Nellie Gray, he was already married, and not divorced, and hence that his marriage to Nellie Gray was null. The facts in that respect are stated also by the Court of Appeal. Abner Russell married Virginia Wallace, in Máreh, 1907, in Caddo parish, where they were residing and continued to reside. On the 20th of March, 1916, while Abner Russell and his wife, Virginia Wallace Russell, were yet residing in Caddo parish, he brought suit against her, in the Second district court in Bossier parish, for a divorce on statutory grounds. He alleged in his petition that he and his wife were residents of Caddo parish and were married in that parish, which is adjacent to Bossier parish, but was not in the same judicial district. On the same day on which the suit was filed in Bossier parish, the wife filed an answer, denying every allegation in the petition, except the allegation that she was the plaintiff’s wife. She did not except to the jurisdiction of the court. On. the next day after the answer was filed, the case was taken up and tried, and a judgment of divorce was rendered in favor of the plaintiff. Two days afterwards he married Nellie Gray.
 

 The question propounded by the Court of Appeal is whether the district court in Caddo parish had jurisdiction to render the judgment of divorce, considering that it was alleged and was a fact that neither party to the suit resided in Bossier parish, but considering also that the wife appeared and answered the suit, without excepting to the jurisdiction of the court.
 

 Article 93 of the Code of Practice declares that, if a person, other than a minor, is cited to appear as defendant in a suit before a judge whose territorial jurisdiction does not extend to the defendant’s domicile, but who otherwise would have jurisdiction to hear and decide the case, and if the defendant so cited pleads to the merits of the case, instead of declining the jurisdiction of the court, the judgment rendered in the case shall
 
 pe
 
 valid. It does not appear that this court has ever had occasion to decide whether article 93 of the Code of Practice is applicable to a suit for divorce. In some states the rule which is stated in the article is applicable to divorce suits. See Werz v. Werz, 11 Mo. App. 26; Gant v. Gant, 49 Mo. App. 3; Nolker v. Nolker (Mo. Sup.) 257 S. W. 798; Tate v. Tate (Mo. App.) 59 S.W.(2d) 790; Scott v. Scott, 174 Iowa, 740, 156 N. W. 834; Clay v. Clay, 134 Miss. 658, 99 So. 818; Purnell v. Nichol, 173 Ark. 496, 292 S. W. 686. In some of the other states it is not so. See Watts v. Watts, 130 Ga. 683, 61 S. E. 593; Beach v. Beach, 4 Okl. 359, 46 P. 514. Compare, also, Lagerholm v. Lagerholm, 133 Mo. App. 306, 112 S. W. 720.
 

 In Andrews v. Andrews, 188 U. S. 14-42, 23 S. Ct. 237, 47 L. Ed. 366, Chief Justice White, for the court, said that the defendant in a divorce suit in a court that did not have jurisdiction over the person of the defendant could not confer jurisdiction upon the court
 
 *843
 
 by answering the suit. But that suit was brought in another state than that in which the parties resided and had their matrimonial domicile. They were married in Boston, Mass., where they resided and established their matrimonial domicile; and the husband, .Charles S. Andrews, went to Sioux Ilalls, S. D., and resided there for the period required by the law of that state to acquire a domicile there, and then sued for and obtained a divorce there for a cause which occurred in Massachusetts when he resided in Massachusetts, which cause, however, was not a cause of action for a divorce in Massachusetts. The wife received notice of the suit and appeared by counsel and filed an answer, 'denying that her husband was then or ever had been a resident of South Dakota. Thereafter the husband and wife agreed to a financial settlement, in pursuance of which she consented to the granting of a divorce, and on her instructions her attorneys withdrew her appearance, and thereafter a decree of divorce was rendered. A few days after-wards Andrews returned to Boston, where he married another woman and re-established his domicile. When he died, the contest arose between the two widows as to which one of them should be deemed the surviving wife, entitled to be appointed administratrix of the estate. The Supreme Judicial Court of Massachusetts (176 Mass. 92, 57 N. E. 338) decided in favor of the first Mrs. Andrews, because of a statute which declared that, if an inhabitant of the commonwealth of Massachusetts went into another state or country to obtain a divorce for a cause which occurred in Massachusetts while the parties were domiciled in Massachusetts, or for a cause which would not authorize a divorce by the laws of Massachusetts, a divorce so obtained would be of no force or effect in Massachusetts. 2 Mass. Rev. Laws 1902, c. 152, p. 1357, § 35; Pub. St c. 146, § 41. The second Mrs. Andrews contended that, under the full faith and credit clause of the Constitution of the United States (article 4, § 1), the divorce decree rendered by the South Dakota court was entitled to the same force and effect in Massachusetts that it had in South Dakota, and that, in so far as the Massachusetts statute conflicted with that provision in the Constitution of the United States, the statute had no effect. But the Supreme Court of the United States held that the Massachusetts statute was valid, and should prevail, because it was directed only at citizens of Massachusetts who went into other states for the purpose of practicing a fraud upon the laws of Massachusetts, by obtaining a divorce in another state without having a bona fide domicile in that state. The court said that, as the Constitution .of the United States did not confer any power upon the government of the United States to regulate marriage in the states, or its dissolution, if it should be held that the Massachusetts statute was violative of the full faith and credit clause of the Constitution of the United States, it would come to pass that both the federal government and the state governments were bereft of a power which must belong to and reside somewhere in every civilized government. It was with that idea, and under those circumstances, that the court held that the consent of the first Mrs. Andrews, as defendant in the divorce suit in South Dakota, could not make the decree of divorce granted in South Da
 
 *845
 
 kota valid in Massachusetts in spite of the prohibitory law of that state. The decision therefore is not important here.
 

 In Mann v. Mann, 170 La. 958, 129 So. 543, it was said that the defendant wife, who had never resided in this state, could not, by answering the suit for a divorce, give the court jurisdiction to grant a divorce for a cause occurring in another state; but the decision was based upon the fact that the wife, in the beginning of her answer to the suit, protested that the court did not have jurisdiction.
 

 The only question that the Court of Appeal is concerned with in this case is whether the marriage of Abner Russell to Nellie Gray was absolutely null. If it was not absolutely null, even though it might have been voidable by a direct action during the lifetime of both parties, it is not subject to collateral attack by the defendants in this suit. Hence, if the marriage of Abner Russell to Nellie Gray was not absolutely null, there is no occasion for the court to decide in this case whether the marxdage might have been annulled by a direct action during the lifetime of the parties.'
 

 A majority of the members of this court are of the opinion that the marriage of Abner Russell to Nellie Gray was not absolutely null or subject to collateral attack by the defendants in this suit. The marriage was solemnized, according to the forms prescribed by law, after Abner Russell had obtained the decree of divorce. An annulment of the marriage coxxld not be accomplished without a decree annulling the judgment of divorce.
 

 In State v. Donzi, 133 La. 925, 63 So. 405, it was held that the validity of a marx-iage could not be questioned in a collateral proceeding even by charging bigamy. Donzi was prosecuted and convicted for deserting his wife “without just cause,” in violation of Act No. 34 of 1902, p. 42. He had sued to have the marriage declared null on the ground that the prosecutrix had a husband living in New' Xox-k, from whom she was not divorced when she married Donzi. He offered to prove the nullity of his marriage in defense of the criminal prosecution, but the evidence was excluded, and the ruling was affirmed by this eoux’t. The ruling was cited with approval in State v. Loyacano, 135 La. 945, 66 So. 307, where the court refused to stay a prosecution for wife desertion, or nonsupport, pending an action to annul the marriage for want of consent. The modem tendency of the law and of the courts is to condemn the harsh doctrine of declaring marriages null ab initio for causes for which they might as well be voidable only, by a direct action, during the lifetime of the parties. 18 R. C. L. §§ 68, 69, and §§ 76, 77, pp. 446, 447 ; 38 C. J. p. 1280 § 9.
 

 In Atkins v. Scarborough, 52 La. Ann. 800, 27 So. 134, it was held that, in a suit brought by a woman against her husband for a separation of property, in a court that did not have jurisdiction over the husband, ratione personas, if he appeared and answered the suit, the court could render a judgment against him which would not be absolutely null. This court pretermitted the question whether the judgment of separation of property in that case was subject to annulment in a direct action.
 

 For the reasons stated, the opinion which we give to the Court of Appeal, in response to the court’s request, is that the marriage of
 
 *847
 
 Abner Russell to Nellie Gray was not an absolute nullity, or subject to collateral attack by tbe defendants in this suit; and we find it therefore unnecessary to say whether the marriage of Abner Russell to Nellie Gray was subject to annulment in a direct action during her lifetime.
 

 OVERTON, X, dissents from the decree that the divorce was not an absolute nullity.