JOHN O. KING, APPELLANT, v. EDNA M. KING, RESPONDENT.—170 S. W. (2d) 982.

Springfield Court of Appeals, April 28, 1943.

*Claude T. Wood* for appellant.

No appearance for respondent.

FULBRIGHT, J.—This is a suit for divorce instituted in the Circuit Court of Pulaski County. The petition is in conventional form and contains all necessary averments. It alleges indignities which, if true, constitute statutory grounds for divorce and are sufficient under the statute to entitle him to the relief prayed.' It alleges that plaintiff "has resided within the State of Missouri one whole year next before the filing of this petition; that the offense or injury complained of was committed in this State and while both the parties herein resided in this State." The action was returnable to the September, 1942 Term of the Circuit Court of Pulaski County, which convened on September 21, 1942.

The record discloses that summons was issued on July 15, 1942, directed to the Sheriff of Greene County, Missouri, and that personal service was had upon the defendant in said county July 23, 1942; and that thereafter, on the 24th day of September, 1942, and before the trial of the cause, defendant filed her answer to the merits in the nature of a general denial. When the cause was called for trial plaintiff appeared in person and by counsel. Defendant did not appear. Whereupon the court proceeded to hear the cause.

The uncontradicted evidence shows that the plaintiff was and had been a resident of the State of Missouri for several years prior to filing his petition; that at the time of the trial he was in the military

service of the United States and stationed at Fort Leonard Wood, Pulaski County; that plaintiff had lived in Christian County before he married defendant; that during the time he lived with her he resided in Greene County, Missouri; that since the separation he has resided in Pulaski County and claimed that county as his residence at the time the suit was filed and at the time of the trial; that he no longer had a home in Christian or Greene County, and that the only home he had at the time was at Fort Leonard Wood.

Plaintiff testified further that defendant was guilty of habitual drunkenness during the entire time they lived together as husband and wife; that she associated with other men almost continually in his absence; that men would come to her home at night when plaintiff was away and still continued to do so; that she frequently falsely charged plaintiff with unfaithfulness, stepping out with other women without cause, and that she repeatedly indulged in vile and abusive language toward plaintiff. He further testified that he treated defendant with kindness and affection and that he had never given her any grounds charging him with unfaithfulness; that he provided her with a home and was at home every week and when he could get a pass; that there were no children born of the marriage. Evidence was offered by two witnesses that plaintiff's moral character was good and that he bore a good reputation.

No evidence was offered on the part of defendant.

Thereupon the court rendered the following decree:

"Now on this day comes the above parties, plaintiff and defendant by their respective attorneys, and this cause coming on to be heard parties announce ready for trial and the cause submitted to the court for hearing. And the court proceeds to hear the evidence and the same being seen, heard and fully understood it is ordered and adjudged by the court that this petition be and is hereby dismissed because plaintiff not a resident of Pulaski County, Missouri."

From this order and judgment plaintiff duly appeals.

In our opinion the evidence sufficiently establishes plaintiff's residence in Pulaski County, but it is unnecessary for us to determine this question. It has been repeatedly held, and we think it is now well settled that the provision of the statute requiring that, "the proceedings shall be had in the county where the plaintiff resides . . ." (Sec. 1515, R. S. Mo., 1939; Sec. 1515, p. 264, Mo. R. S. A.), merely prescribes the venue of such cases, is not jurisdictional in character, and may be waived. [Johnson v. Johnson, 141 S. W. (2d) 229; Osmak v. American Car & Foundry Co. et al., 328 Mo. 159, 40 S. W. (2d) 714, 77 A. L. R. 722; Tate v. Tate, 227 Mo. App. 1141, 59 S. W. (2d) 790; Walton v. Walton, 6 S. W. (2d) 1025; Dissenting Opinion in Lagerholm v. Lagerholm, 133 Mo. App. 306, 112 S. W. 720; Nolker v. Nolker (Sup. Ct. in banc), 257 S. W. 798; Werz v. Werz, 11 Mo. App. 26, l. c. 30-31.]

From the holding in these cases it necessarily follows that the only question involved in the institution of a suit for divorce in a county other than that in which the plaintiff resides is that of jurisdiction of the person of the defendant. This may be waived, as did the defendant in the instant case by appearing generally and pleading to the merits. Therefore, regardless of what the evidence disclosed relative thereto, the question of plaintiff's residence is not in the case. [Nolker v. Nolker, *supra.*]

Moreover, it is held in most, if not all of the above-cited cases that if an action for divorce is instituted by a plaintiff in a county other than the one authorized under the Statute, the proper move for the defendant is to file a plea in abatement. But, if the defendant should file no such plea and instead plead to the merits, the question of venue is waived and the court may thereafter proceed to hear and determine the cause on its merits. [Walton v. Walton, *supra.*] In the light of these holdings the action of the trial court in dismissing the cause was erroneous.

It may here be observed that an action for divorce is a statutory action at law—not a proceeding in equity. Nevertheless, it partakes of the nature of a suit in equity, is triable as such in the Circuit Court, and *de novo* on appeal. [Schulte v. Schulte, 140 S. W. (2d) 51; Erlacker v. Erlacher, 145 S. W. (2d) 974.] Irrespective of the finding of the trial court it is the duty of this court to make its own finding of fact and arrive at its own conclusions, "subject only to such deference to the lower court's opinion as the exigencies of the particular case may seem to warrant." [Tebbe v. Tebbe, 223 Mo. App. 1106, l. c. 1110, 21 S. W. (2d) 915; Bassett v. Bassett, 280 S. W. 430, l. c. 437-438; Lampe v. Lampe, 28 S. W. (2d) 414; Grimes v. Grimes, 139 S. W. (2d) 1055; Bowzer v. Bowzer, 155 S. W. (2d) 530; Bauman v. Bauman, 17 S. W. (2d) 594.]

The evidence in this case, as shown by the record, the substance of which has been heretofore set out, is in no way conflicting or contradictory and stands undisputed, and sufficiently establishes the indignities alleged in the petition, and that plaintiff is the innocent and injured party. The indignities alleged and proven are such as to warrant the granting of a divorce to plaintiff.

It is therefore the order of this court that the judgment of the trial court be reversed and the cause remanded with directions that entry be made by the trial court granting a decree of divorce to plaintiff as prayed. *Blair, P. J.,* and *Smith, J.,* concur.