**Matter of Petition for Naturalization of Michael Fagan ROBERTSON.**

**No. 13600.**

United States District Court,
W. D. Missouri, W. D.

Dec. 20, 1954.

Jacob Robertson, per se.

Clifford J. Long, Naturalization Examiner, Immigration and Naturalization Service, Kansas City, Mo., for respondent.

RIDGE, District Judge.

The present petition is for the naturalization of one Michael Fagan Robertson as the child of a United States citizen, within the meaning of Section 323 of the Immigration and Nationality Act of 1952, 8 U.S.C.A. § 1434.

The child, a boy of seven years, was brought to the United States from his native Ireland in 1948 by the petitioners, Jacob and Josephine Robertson. Since then, he has continuously resided with the Robertsons in their home, until 1951, in Marshall, Saline County, Missouri, and lately in Kansas City, Jackson County, Missouri.

In 1950, the Robertsons filed with the Circuit Court of Johnson County, at Warrensburg, Missouri, a petition for the adoption of the child. Mr. Robertson explains that the petition was filed in that Court, rather than in Saline County, where the parties were then resident, in order to avoid any undue publicity in the matter. The Johnson County Court rendered its decree of adoption on April 25, 1950. The present petition for the boy's naturalization was filed in this Court on October 2, 1953.

A Naturalization Examiner, designated by Section 335 of the Act, 8 U.S.C.A. § 1446, to make preliminary inquiry into the eligibility of persons for naturalization, has recommended against granting the present petition on the sole ground

that the Court decreeing the adoption was without jurisdiction.

The Examiner's conclusion is based on Section 453.010 of the Missouri Revised Statutes, V.A.M.S., which reads:

"Any person desiring to adopt another person as his child may petition the juvenile division of the circuit court of the county in which the person seeking to adopt resides, or in which the person sought to be adopted may be, for permission to adopt such person as his child."

It is the Examiner's opinion that under this Section the decree rendered by the Circuit Court of Johnson County was void for want of jurisdiction since all interested parties were admittedly resident in Saline County.

We first note that lack of jurisdiction in the adopting court is the only ground under Missouri law upon which the decree of adoption here considered can now be attacked. Section 453.140 Mo.R.S. 1949, V.A.M.S., provides:

"After the expiration of one year from the date of entry of the decree of adoption, the validity thereof shall not be subject to attack in any proceedings, collateral or direct, by reason of any irregularity in proceedings had pursuant to this chapter."

Thus if only a question of venue is here involved, the decree cannot now be attacked; but, of course, if the Examiner is correct in concluding that the Court granting the adoption was without any jurisdiction to render the decree, it cannot be given any effect and the naturalization petition must be denied.

 The distinction between the two terms is clear. Venue refers to the place where the cause may properly be tried, and jurisdiction means the power of the Court to hear and determine the issue. Herrington v. Thompson, D.C., 61 F.Supp. 903. Venue is only a procedural matter, whereas jurisdiction goes to the very power of the Court to act.

 Under the present statute, as noted by Clark, Judge (Supreme Court of Missouri), who, in recommending its passage, as Chairman of the Children's Code Committee (12 Mo.L.R. 310), jurisdiction is vested in the Juvenile division of the several Circuit Courts of Missouri, and venue is determined by the county of the petitioner's residence, or the location of the person to be adopted. That the particular county wherein the parties reside could not be a matter of jurisdiction is made manifest by the following Missouri authorities, since changes of venue may be had from one circuit to another. In re Adoption of Fichtel, 229 Mo.App. 847, 84 S.W.2d 977; and In re Adoption of McFarland, 223 Mo.App. 826, 12 S.W.2d 523, 527. In the McFarland opinion, the Court said: "The so-called 'juvenile court' is but a division of the circuit court (the general courts of original jurisdiction in Missouri) and is in fact presided over by the same judge. * * * We perceive no sound reason for holding the juvenile division of the circuit court not to be a court of record from which a change of venue may be taken." Since the present petitioners could, for good cause, have caused the transfer of the adoption proceedings from Saline to Johnson County, if it had been filed in the former court, we must conclude that both the above courts had jurisdiction over the subject-matter in question. Since the Circuit Court of Johnson County had jurisdiction over the parties by virtue of their voluntary appearance, we fail to see any merit in the Examiner's objections.

Such is the interpretation which the Missouri courts have placed upon similar wording in the divorce statute, Mo.R.S. 1949, Sec. 452.040, V.A.M.S., which provides that "the proceedings shall be had in the county where the plaintiff resides". The cases hold that such section prescribes, not jurisdiction but venue over divorce actions which may be waived. Cf. Nolker v. Nolker, Mo.Sup., 257 S.W. 798; King v. King, 237 Mo.App. 764, 170 S.W.2d 982; and Barth v. Barth, Mo.

App., 189 S.W.2d 451, 454, where the Court said: "Want of residence in the state goes to jurisdiction of the subject matter. Want of residence in the county goes to jurisdiction of the person, which may be waived by appearance to the merits."

The two cases cited by the Examiner in support of his position are not *contra*. The case of In re Duren, 355 Mo. 1222, 200 S.W.2d 343, 170 A.L.R. 391, decided by the Supreme Court of Missouri, in which Judge Clark joined, before he wrote the above article, and expressly mentioned by him therein, dealt only with the question of where the child was in fact a resident. The Court expressly citing the Fichtel case, supra, as holding that jurisdiction over the person could be acquired by consent, sustained the adoption proceedings. In the case of In re Sypolt's Adoption, 361 Mo. 958, 237 S.W.2d 193, 195, the Court specifically noted that it was not considering a question of venue, citing the above article by Judge Clark. The holding in that case was based on another Section of the Revised Statutes, 453.110, V.A.M.S., which precludes the granting of an adoption unless the petitioners have had actual and legal custody of the child for a period of nine months, the Court holding that petitioners therein did not have such custody. Here, the Robertsons had actual and legal custody of petitioner, and the inference from the meager record before us is that it appears that the child and the Robertsons were personally present in the Court when the decree of adoption was ordered entered.

We thus conclude that the question raised by the Examiner concerns only the proper venue for the adoption herein, which question, if not waived by consent of the parties, under Section 453.140 cannot now be raised. Accordingly, no other objection appearing, the present petition for naturalization should be granted.

It is so ordered.