**Loy MAXEY, Plaintiff-Respondent,**

v.

**Mark M. WENNER,
Defendant-Appellant.**

**No. 48504.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 13, 1985.

William Robert Dorsey, Clayton, for defendant-appellant.

James Vincent O'Brien, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

Defendant appeals denial of motion to set aside default judgment after an evidentiary hearing. The motion alleges that the cause was improperly transferred from the Circuit Court of the City of St. Louis to the Circuit Court of St. Louis County; that the transfer was accomplished without notice to defendant; and that the interlocutory and final judgments were unnoticed default judgments. The motion requested the trial court to set aside the final default judgment on the authority of Supreme Court Rules 74.31 and 74.32 and for good cause shown.

The documented events shown in the court file, minutes of proceedings and in the pleadings are as follows:

City of St. Louis Circuit Court

| Date | Event |
|---|---|
| July 14, 1982 | Petition alleging breach of contract filed. Plaintiff business with principal office in City of St. Louis; defendant resident of St. Louis County. |
| July 28, 1982 | Personal service on defendant in St. Louis County. |
| August 27, 1982 | Defendant by counsel enters specifically to challenge venue; defendant files motion to quash service. |
| October 25, 1982 | Memorandum with clerk filed. "Pursuant to defendant's motion to quash, and by agreement of the parties, the above styled cause shall be removed to St. Louis County Circuit Court for further proceedings in this cause." [Memorandum signed by plaintiff's counsel only. No indication memo was sent to counsel for defendant.] |
| | Judge's docket sheet reads: "By consent and so ordered cause transferred to Circuit Court St. Louis County, Mo. as per memo filed." |

St. Louis County Circuit Court

| Date | Event |
|---|---|
| December 22, 1982 | Petition filed. |
| October 3, 1983 | Interlocutory default judgment entered as follows "This cause having come before the court, and valid service having been made upon the defendant more than thirty (30) days prior to the filing of this motion, an interlocutory judgment |

| Date | Event |
|------|-------|
| | on default is hereby entered against defendant. This cause shall be set down for a hearing and trial on damages on November 10, 1983." [Signed by plaintiff's counsel and approved by the court without indication of notice to defendant.] |
| November 10, 1983 | Default judgment entered. "Upon hearing for default judgment, plaintiff having appeared and presented exhibits and testimony, final judgment is hereby entered in plaintiff's favor and against the defendant in the amount of $5,400.06 Fifty-Four Hundred and Six/Hundredths Dollars, this day November 11, 1983." [Signed by counsel for plaintiff and approved by the court without indication of notice to defendant.] |
| January 20, 1984 | Defendant's motion to set aside judgment filed. |
| March 13, 1984 | "Defendant's motion to set aside default judgment called; evidence adduced. Defendant's motion is hereby overruled." |
| March 23, 1984 | Notice of Appeal filed. |

On appeal defendant contends that the Circuit Court of the City of St. Louis was without personal jurisdiction over defendant and consequently lacked authority to transfer the cause to St. Louis County and that the St. Louis County Circuit Court jurisdiction was derivative from the City of St. Louis Circuit Court proceeding and was likewise defective. Defendant also contends that the attempted change of venue by consent failed to comply with the requirements of § 508.080 RSMo 1978 because no agreement in writing was filed before the Circuit Court of the City. Appellant's final point is that he was denied procedural due process because plaintiff failed to notify him of the change of venue and subsequent proceedings.

The parties concede that when the original service in a breach of contract suit is on an individual defendant in the county of defendant's residence which is other than that of the court the case is subject to dismissal for lack of venue. § 508.010(1) RSMo Supp.1984. Here the suit was filed in the City of St. Louis and defendant was personally served in St. Louis County, the county of his residence. On his behalf counsel filed a motion to quash solely on venue grounds.

Absent a written agreement of the parties venue in the Circuit Court of the City of St. Louis was improper and that court acquired no jurisdiction over defendant-appellant and was powerless to proceed. *Dzur v. Gaertner*, 657 S.W.2d 35, 36 (Mo.App.1983). In *State ex rel. Coca Cola Bottling Company of Mid-America v. Gaertner*, 681 S.W.2d 445 (Mo. banc 1984) the court said,

Because venue was improper, the court acquired no jurisdiction over relator [defendant] and was powerless to proceed. *State ex rel. Wasson v. Schroeder*, 646 S.W.2d 105, 106 (Mo. banc 1983); *Wadlow v. Donald Lindner Homes, Inc.*, 654 S.W.2d [644] at 646–647 [Mo.App.1983]. Nor could the court transfer the case to a court of proper venue. *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62 (1956). ... The court in *Weinstein* rejected an argument that a court that lacks jurisdiction has 'inherent power' to transfer a case, noting the absence of statutory or case law authority for a transfer. 295 S.W.2d at 66–67....

Id. at 448. There was no issue in the *Coca Cola Bottling Company* case with regard to a change of venue by consent. In the present case, plaintiff-respondent contends, and the trial court concluded, that the Circuit Court of the City of St. Louis was authorized by § 508.080 RSMo 1978 and by

consent of the parties to order the cause transferred to St. Louis County, Missouri.

Section 508.080 RSMo 1978 provides in relevant part:

> *If* at any time after the commencement of a suit the *parties shall agree in writing, duly filed,* upon any other county or court of competent jurisdiction, to which they desire the same to be removed, it shall, by order of the court, be removed accordingly to such county or court of competent jurisdiction; and the same proceeding shall be had in all respects for the removal of such cause as are provided by law in changes of venue in civil cases. (emphasis added)

At the hearing on defendant's motion to set aside the default judgment there was testimony that the parties had orally agreed to a change of venue from the City of St. Louis to St. Louis County. The defendant offered testimony to the contrary. The trial court must have found that there was an agreement because it denied defendant's motion to set aside the default judgment. We conclude, however, that the filing of a court memorandum signed by only one party which refers to an oral agreement does not meet the statutory requirements of an agreement for change of venue to be in writing.

Section 580.080 RSMo 1978 authorizes removal of suits by consent only "[i]f ... the parties shall agree in writing, duly filed ...." The memorandum merely makes reference to an oral agreement and it was not signed by both parties.

It follows that if the Circuit Court of the City of St. Louis was not authorized to remove the case to St. Louis County, the Circuit Court of St. Louis County did not acquire jurisdiction over the defendant before the entry of default judgment. Accordingly, the order refusing to set aside the default judgment was erroneous as a matter of law because the default judgment was unauthorized when granted due to a lack of jurisdiction caused by ineffective transfer.

The jurisdictional defect was patent on the record. The action was filed in a county where the defendant was not a resident nor was he served there. § 508.101(1) RSMo Supp.1984. There was no written agreement indicating consent by both parties to the change of venue. Errors patent on the record are properly reviewed by a motion based upon Rule 74.32. *Korn v. Ray,* 434 S.W.2d 798, 801–802 (Mo.App. 1968).

We reverse and remand to the Circuit Court to set aside the default judgment because of the jurisdictional defect and to dismiss without prejudice the cause of action for lack of jurisdiction. Rule 74.12.

PUDLOWSKI, P.J., and GAERTNER, J., concur.