STATE of Missouri ex rel. Charles H. MONTGOMERY, Relator,

v.

Honorable Daniel Max KNUST, Associate Circuit Judge, Circuit Court of Webster County, Respondent.

No. 15279.

Missouri Court of Appeals, Southern District, Division One.

Nov. 25, 1987.

Charles H. Montgomery, pro se.

Donald G. Cheever, Pros. Atty. of Webster County, Marshfield, for respondent.

ORIGINAL PROCEEDING IN PROHIBITION

CROW, Chief Judge.

PRELIMINARY ORDER MADE ABSOLUTE

In this original proceeding in prohibition, relator Charles H. Montgomery seeks an order from us barring respondent, an asso-

ciate circuit judge of the Circuit Court of Webster County, from dismissing a petition for dissolution of marriage filed by relator. An understanding of the procedural history of the dissolution action is essential in resolving the issues confronting us.

On June 25, 1986, relator, an inmate of the Missouri State Penitentiary in Cole County, filed two documents in the Circuit Court of Cole County: a petition for dissolution of marriage and an application for leave to prosecute the dissolution action as a poor person per § 514.040, RSMo 1978. The clerk of that court promptly informed relator in writing that in order for the court to determine whether relator was eligible to proceed as a poor person, it would be necessary for relator to file an affidavit regarding his finances (on a form supplied by the court) and to provide the court written authorization for release by any financial institution of information as to relator's accounts.

On August 11, 1986, relator filed the required papers with the Circuit Court of Cole County. A week later, after receipt of information regarding relator's "inmate account" in the Department of Corrections and Human Resources, the Circuit Court of Cole County granted relator leave to proceed as a poor person.

Relator's petition averred, among other things, that his wife, Betty Edwards Montgomery ("Betty"), was a resident of Concord, North Carolina. At relator's instance, a summons was sent to the Sheriff of Cabarrus County, North Carolina, for service on Betty.

On September 29, 1986, the summons was returned to the Circuit Court of Cole County bearing an affidavit stating that a copy of the summons and a copy of the petition for dissolution had been served on Betty in Cabarrus County on September 19, 1986.

On the day the summons was returned (September 29, 1986), a deputy clerk of the Circuit Court of Cole County notified relator by letter that the case had been assigned to the Honorable James F. McHenry, Judge of Division 1 of said court, and that relator would be notified of the date set for the hearing.

By letter dated January 4, 1987, relator notified the Circuit Court of Cole County that he had been transferred to the Ozark Correctional Center in Webster County. Relator's letter asked what had happened regarding the setting of a date for the hearing.

The clerk of the Circuit Court of Cole County replied by a letter dated January 23, 1987, stating:

"The ... dissolution of marriage ... has been set for a hearing to begin at 10 a.m. on Friday, January 30, 1987 in Division One.

As you are not residing in Cole County, it will be incumbent upon you to arrange for transportation to Jefferson City as the state cannot bear the expense for transporting an inmate on a civil case of this nature.

Another alternative, perhaps, is if you would request the court to transfer this case to the county in which you now reside."

On January 30, 1987, relator filed in the Circuit Court of Cole County an instrument denominated "Application For Change of Venue" stating, in pertinent part:

"Comes Now, C.H. Montgomery ... and pursuant to Supreme Court Rule 51.02, Change Of Venue by Agreement, petitions this court to issue its order and to have this cause of action ... Transferred to the County of Webster, Marshfield, Missouri ... wherein the jurisdiction and venue now lies. That petitioner now resides within the said County of Webster and as such any action taken herein shall be within its Jurisdiction. Also, that pursuant to Rule 51.09, Petitioner requests that the Clerk of Court Transmit the Legal File containing the present litigation therein...."

On May 15, 1987, the following order was entered by the Circuit Court of Cole County:

"... the Court finds that the Petitioner, who is an inmate in the Missouri Department of Corrections and Human Resources, has been transferred to a cor-

rectional institution located at Fordland, Webster County, Missouri.

IT IS THEREFORE ORDERED that this cause be transferred to the Circuit Court of Webster County, Missouri, and the Clerk of the Circuit Court of Cole County, Missouri, is directed to transmit the original records in lieu of a transcript thereof.

....″

On May 27, 1987, the file of the Circuit Court of Cole County was received by the Circuit Court of Webster County, and was assigned case number CV987–108–DR by the latter court.

On June 17, 1987, respondent sent the following letter to relator:

"The recent case of *State ex rel, Henderson vs. Blaeuer,* [723 S.W.2d 589 (Mo.App.1987)] holds that a person/s [sic] domicile is not changed by involuntary confinement, and your Affidavit in Support of Request to Proceed in Forma Pauperis alleges that prior to incarceration you lived in Florida.

Unless you communicate to me before July 15, 1987 a valid reason not to dismiss your case for lack of jurisdiction, I will do so on my own motion."

The affidavit to which respondent referred in his letter was the affidavit filed by relator on the form supplied by the Circuit Court of Cole County, mentioned earlier in this opinion. In that affidavit we find this:

"3. If incarcerated, where did you live prior to incarceration? (Give address)

534 N. Fletcher Ave.

Feranadina Beach, Fla. 32034"

Relator, in a letter replying to respondent's letter of June 17, 1987, stated that he (relator) had been instructed by the clerk of the Circuit Court of Cole County "to file for change of venue to Webster County." Relator added, "Cole County would have handled this case if I would have been a resident of Cole County." Relator asked respondent to advise him "[i]f this case is not going to be allowed to be tried in your Honorable Court."

Respondent, in a letter to relator dated June 24, 1987, said:

"Your ... letter did not contain anything which would indicate that Missouri has jurisdiction regarding your marriage.

If you request in writing that your case be transferred back to Cole County, we would do such."

Relator thereupon sought and obtained an order from us permitting him to file a petition for writ of prohibition "in forma pauperis." Relator, pro se, filed his petition, accompanied by written suggestions. Relator's petition prayed that we prohibit respondent "from dismissing Relator's Petition for Dissolution of Marriage which was 'transfered' [sic] to the Circuit Court of Webster County from the Circuit Court of Cole County ... which was ... filed ... as CV987–108–DR, pursuant to Rule 51.14 of the Missouri Rules of Civil Procedures."

We issued a preliminary order in prohibition directing respondent to refrain from proceeding further in case number CV987–108–DR, and fixing a deadline for respondent to answer relator's petition.

Respondent, in a timely answer, denied he was acting in excess of his jurisdiction, and denied that relator was entitled to relief.

Briefs were subsequently filed by both parties.

While much of what we find in relator's written suggestions and his brief is diffuse and tangential, we believe we have gleaned therefrom the gist of the arguments advanced by him pertinent to whether he is entitled to the relief sought. We shall set forth, and address, those contentions as we understand them.

■ Relator's first contention is that the dissolution action, upon being transferred by the Circuit Court of Cole County, was "filed" in the Circuit Court of Webster County pursuant to Rule 51.14.[1] That rule states:

"The court to which any civil actions shall be transferred by change of venue shall have jurisdiction to hear and deter-

---

1. Rule references are to Missouri Rules of Civil Procedure (18th ed. 1987).

mine the same, and shall proceed to final judgment and execution therein, although such civil action would not otherwise be cognizable in such court."

It is obvious, of course, that Rule 51.14 contains nothing *authorizing* the transfer of the dissolution action from the Circuit Court of Cole County to the Circuit Court of Webster County. The rule merely sets forth the jurisdiction possessed by the receiving court in a civil action transferred to it by change of venue.

■ The authority cited by relator to the Circuit Court of Cole County in relator's application for change of venue was, as we have seen, Rule 51.02. That rule states:

"If at least fifteen days before the trial date of a civil action triable by jury, the parties shall file a stipulation agreeing upon removal of the civil action to a designated court of competent jurisdiction, the court shall order it removed to such other court. Thereafter, no change of venue or change of judge shall be granted to any party stipulating to the change."

Relator's reliance on Rule 51.02 as authority for the Circuit Court of Cole County to transfer the dissolution action to the Circuit Court of Webster County was misplaced. The rule, by its own terms, pertains to civil actions *triable by jury,* a characteristic absent from the dissolution action. More importantly, however, the rule requires the parties to file a stipulation agreeing upon removal of the action. The record in the dissolution action is barren of any such stipulation. Indeed, nothing in the record indicates that Betty was even notified that the dissolution action was going to be, or had been, transferred to the Circuit Court of Webster County.

We therefore hold that the dissolution action was not validly transferred from the Circuit Court of Cole County to the Circuit Court of Webster County under Rule 51.02. Having made that determination, we are confronted by the question of whether the purported transfer was valid under some other provision.

■ There is a statute which, like Rule 51.02, provides for removal of an action to another court by agreement of the parties. That statute is § 508.080, RSMo 1986. It states:

"If at any time after the commencement of a suit the parties shall agree in writing, duly filed, upon any other county or court of competent jurisdiction, to which they desire the same to be removed, it shall, by order of the court, be removed accordingly to such county or court of competent jurisdiction; and the same proceedings shall be had in all respects for the removal of such cause as are provided by law in changes of venue in civil cases."

The statute plainly requires an agreement of the parties in writing, a requirement that was not met in the purported transfer of the dissolution action from the Circuit Court of Cole County to the Circuit Court of Webster County. That being so, the purported transfer cannot be sustained under § 508.080. *Maxey v. Wenner,* 686 S.W.2d 862, 865 (Mo.App.1985).

■ Rules 51.03 and 51.04, not previously mentioned, are likewise of no aid to relator. Each rule authorizes a change of venue in a civil action triable by jury. As the dissolution action is not of that genre, neither rule supplied any authority for the purported transfer of the dissolution action by the Circuit Court of Cole County to the Circuit Court of Webster County. Moreover, each rule requires the moving party to serve on all other parties a copy of the application and a notice of the time when it will be presented to the court. There was no certificate appended to relator's application for change of venue evidencing compliance with that requirement.

We find no other provision under which the purported transfer of the dissolution action could possibly have been valid. We therefore hold that the order of the Circuit Court of Cole County of May 15, 1987, purporting to transfer the dissolution action to the Circuit Court of Webster County was void. *Maxey,* 686 S.W.2d at 865.

■ Relator maintains, however, that venue, unlike jurisdiction, can be waived,

and that in the dissolution action he and Betty have agreed to a "No Contest Divorce." Relator insists that Betty "waived her right to object when served by the summons, and failed to file a motion asserting improper venue."

It must be remembered that the summons served on Betty was a summons from the Circuit Court of Cole County, not Webster County, thus her failure to object while the action was pending in the Circuit Court of Cole County could not constitute a waiver of objection to the subsequent transfer to the Circuit Court of Webster County. It must also be remembered that, as noted earlier, nothing in the record indicates that Betty was ever notified that the dissolution action was going to be, or had been, sent to the Circuit Court of Webster County.

We are aware it has been held that improper venue in an action for dissolution of marriage can be waived. In *Norman v. Norman*, 604 S.W.2d 680 (Mo.App.1980), the husband and wife resided in Douglas County. The husband commenced a dissolution action in the Circuit Court of Webster County, and the cause was tried in that court by consent. Both parties appeared and presented evidence. The opinion stated that the husband, by commencing the action in Webster County, waived any issue of proper venue as did the wife by her failure to object by motion. *Id.* at 681–82.

In *King v. King*, 237 Mo.App. 764, 170 S.W.2d 982 (1943), the husband commenced an action for divorce in the Circuit Court of Pulaski County. The wife filed an answer to the merits in the nature of a general denial. When the cause was tried, the husband appeared and presented evidence; the wife was not present. The court held that the wife, by appearing generally and pleading to the merits, waived any defect in venue. 170 S.W.2d at 984[3].

In *Johnson v. Johnson*, 141 S.W.2d 229 (Mo.App.1940), the husband's petition for divorce contained no allegation as to residence. The wife made a general appearance and filed her answer. The court held that any objection by the wife to the petition's failure to allege residence should have been raised in the trial court by plea in abatement. *Id.* at 230[2].

In *Tate v. Tate*, 227 Mo.App. 1141, 59 S.W.2d 790 (1933), the wife's petition for divorce did not state she was a resident of Missouri. The husband filed an answer and afterward appeared at trial and presented evidence. He raised no issue in the trial court about the wife's residence or the sufficiency of her petition. On appeal, the husband argued the trial court was without jurisdiction in that the petition did not aver that the wife was a resident of Missouri. The opinion stated that improper venue may be waived, and that the husband had waived any objection thereto. 59 S.W.2d at 792.

In *Walton v. Walton*, 6 S.W.2d 1025 (Mo.App.1928), the wife commenced a divorce action and the husband filed a plea in abatement on the ground that both parties were residents of a county other than the one where the petition was filed. The court said that if a divorce action is instituted in a county other than the one in which the plaintiff is authorized under the statute to bring it, the proper move for the defendant is to file a plea in abatement, and if he should file no such plea, and instead should plead to the merits, the question of venue is waived, and the court may thereafter proceed to hear and determine the cause on its merits, as if no such irregularity had ever been present. *Id.* at 1027.

In *Nolker v. Nolker*, 257 S.W. 798 (Mo. banc 1923), a divorce action was brought by the wife. The husband asserted on appeal that the wife was not a resident of the county in which she filed her petition. The court held that the husband had waived the point by appearing generally and pleading to the merits. *Id.* at 803.

In *Lagerholm v. Lagerholm*, 133 Mo. App. 306, 112 S.W. 720 (1908), the husband and wife were residents of Jefferson County. The husband filed a petition for divorce in the Circuit Court of Butler County. The wife filed an answer and a cross-bill. At trial, the petition and cross-bill were dismissed by the court on the ground of

improper venue. On appeal, the dismissal was affirmed.

Our purpose in synopsizing the seven preceding cases is to demonstrate that Missouri courts have steadfastly required some affirmative act by the adverse party in a dissolution (formerly divorce) action in order to find that such party waived improper venue.

■ In relator's dissolution action, Betty filed nothing in the Circuit Court of Cole County and, more importantly, has filed nothing in the Circuit Court of Webster County. Therefore, while we acknowledge that improper venue can be waived in a dissolution action, there is nothing in the record here to support a finding that Betty has waived the venue defect brought about by the invalid transfer of the dissolution action from the Circuit Court of Cole County to the Circuit Court of Webster County.

In such circumstances, neither respondent nor any other judge of the Circuit Court of Webster County has jurisdiction to perform any judicial act in the dissolution action except to return the case file to the court whence it came. *State ex rel. Creamer v. Blair*, 364 Mo. 927, 270 S.W.2d 1, 4[4, 5] (banc 1954); *State ex rel. Kansas City Public Service Co. v. Waltner*, 350 Mo. 1021, 169 S.W.2d 697, 705–06[21] (1943). Respondent must therefore be prohibited not only from dismissing Webster County Circuit Court case number CV987–108–DR, but also from taking any further action therein other than directing the clerk of the Circuit Court of Webster County to send the file back to the Circuit Court of Cole County. That being so, it is unnecessary to express any opinion on the propriety of respondent's threatened dismissal of case number CV987–108–DR for lack of jurisdiction.

The preliminary order in prohibition is made absolute, subject to the lone exception set forth above.

HOLSTEIN, J., concurs.

GREENE, P.J., concurs and files concurring opinion.

GREENE, Presiding Justice, concurring.

I agree completely with the rationale of the principal opinion, and concur in it.

I do wish to emphasize that if, after the case is returned to Cole County, Mrs. Montgomery joins with her husband in requesting that the case be transferred to Webster County, which is the forum conveniens, the Montgomerys are entitled to such transfer as a matter of law, by reason of § 508.080 RSMo 1978.