**Wendell Wayne GARNER,
Movant–Appellant,**

v.

**Susan Marie GARNER, Respondent–
Respondent.**

**No. 23367.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 4, 2000.

Robert Stillings, Springfield, for appellant.

James L. Bowles, Ozark, for respondent.

JAMES K. PREWITT, Judge.

The marriage between the parties was dissolved by a decree of dissolution entered on November 21, 1989, in the Circuit Court of Sullivan County, Missouri. Respondent was awarded custody of the child born to the marriage.

On June 28, 1999, Appellant filed a motion to modify the decree of dissolution in the Circuit Court of Sullivan County, Missouri. Appellant sought custody of the child and modification of the award of child support. With that motion, Appellant also sought a change of venue. On August 19, 1999, a change of venue was ordered from the Circuit Court of Sullivan County to the Circuit Court of Christian County, Missouri.

Thereafter, as Respondent apparently failed to file a responsive pleading, the Circuit Court of Christian County entered judgment modifying the decree. When she learned of it, Respondent filed a motion to set aside the judgment modifying the decree. After a hearing, the trial court sustained the motion and set aside the judgment modifying the decree of dissolution. Appellant then filed a notice of appeal.

The statement of facts in the brief and the record before us show that a change of venue was ordered by the Circuit Court of Sullivan County. There is nothing in the record indicating that there was any agreement for removal under § 508.080, RSMo 1994. Assuming, but not deciding, that this statute is not superceded by Rule 51.02, § 508.080 had been the sole basis for transferring a case not triable by a jury. *State ex rel. Montgomery v. Knust,* 740 S.W.2d 405, 407–08 (Mo.App. 1987).

Exceptions to this, enacted after *Knust* was decided, are when a case is filed in the wrong venue, § 476.410, RSMo 1994, or there is an inconvenient forum in a dissolution modification proceeding,

§ 452.371, RSMo Supp.1997. In the first of those listed exceptions, the case is to be transferred to the venue where it could have been brought. § 476.410, RSMo 1994. This matter was not transferred under § 476.410 or § 508.080. Rather, it was transferred because Appellant claimed the "forum" was inconvenient. Absent a proceeding under § 508.080 (and now § 452.371 or § 476.410), an order purporting to transfer a dissolution action to another circuit court is void. *Knust,* 740 S.W.2d at 408; *Maxey v. Wenner,* 686 S.W.2d 862, 864 (Mo.App.1985).

The purported transfer under § 452.371, was defective. Among the deficiencies of the order of transfer, was the failure of the Circuit Court of Sullivan County to find that it was an inconvenient forum and "state the reasons for such change." § 452.371.3. Thus, the purported order of transfer was invalid.

■ Following an improper transfer, the circuit court receiving the file has no jurisdiction to perform any judicial act except to return the case file to whence it came. *Knust,* 740 S.W.2d at 410. *See also Maxey,* 686 S.W.2d at 865 ("the default judgment was unauthorized when granted due to a lack of jurisdiction caused by ineffective transfer").

The cause is remanded to the Circuit Court of Christian County, and it is directed to order the Circuit Clerk of Christian County to return the file to the Circuit Court of Sullivan County.

BARNEY, C.J., and CROW, J., concur.