# THOMAS WARD McMANUS v. MATTHEW PARK, Trustee, Appellant.

### Division Two, March 23, 1921.

1. **LAWS: Retrospective Operation: Remedy.** The provision of the Constitution declaring that no law "retrospective in its operation can be passed by the General Assembly" applies only to acts which would affect vested rights, and not to statutes which are remedial only. No one has a vested interest in the form of procedure; no one has a vested right to have his cause tried by any particular mode. Acts changing remedies in any way that does not destroy or impair vested rights are excluded from the operation of said constitutional provision, even when they are intended to apply to existing conditions. The remedy applies to the future, but as a remedy it may operate upon propery rights and interests already vested. To be retrospective in the constitutional sense it must impair a vested right.

2. ————: ————: ————: **Annual Accounting of Trustee.** The Act of 1911 (now Secs. 13429 and 13430, R. S. 1919), requiring a trustee vested with the title to an estate to make an annual report to the circuit court, applies only to procedure, is remedial in its operation, and does not affect the rights of a trustee who became vested with the estate prior to its enactment. Such trustee has no vested right in the manner of accounting for his trust.

3. ————: ————: **Act of 1911: Ambiguous Terms: Construction: Remedy.** Where a statute is ambiguous in its terms and affects substantive or vested rights, all ambiguity therein will be resolved in favor of its prospective operation and its constitutionality; but where the statute relates to the remedy and is ambiguous or of doubtful application, it is liberally construed in order to effectuate the purpose of its enactment, and to that end all doubts are resolved so as to affect past as well as future transactions. The evident purpose of the Act of 1911, requiring trustees to make annual reports to the circuit court, was that said remedy should apply to all trustees, whether appointed by the court before or after its enactment. It applies to a will disposing of an estate before as well as after the passage of the act, and it applies where a trustee appointed by the will "has become disqualified to act, resigned or died," and it applies to trustess appointed by the court before the act was passed.

4. ———: ———: ———: **Trustees: Named in Trust Instrument and Appointed by Court.** A relation of personal trust exists between the testator in a will and the trustee appointed thereby; the trustee appointed by the court, upon the removal, death or resignation of the trustee appointed by the will, is under no personal obligation, but only his official obligation to account to the beneficiary, or to exhibit the state of the property in his charge, and before the Act of 1911 was enacted there was no way to compel an accounting from him except upon an al'egation of mismanagement, fraud or incompetence, and the very purpose of having accounts filed was that the beneficiary might ascertain whether there was fraud or incompetence which would justify action against the trustee; and the purpose of said act was that the circuit court might retain jurisdiction of the appointed trustee in all matters pertaining to the administration of a trust estate, and compel him to make an annual report of the condition of the estate, and to meet the contrary ruling in State ex rel. McManus v. Muench, 217 Mo. 124.

5. ———: **Title.** Where the terms of an act are ambiguous, recourse may be had to its title to ascertain the intention of the Legislature; and the intention expressed in the title of the Act of 1911, requiring trustees to report annually to the circuit court the condition of the estate, clearly shows it is retroactive in its operation, and applies to all trustees.

6. ———: **Constitutional Question: Not Raised at Trial.** A contention that an act is unconstitutional as class legislation, if the question was not raised in the trial court, cannot be considered on appeal; on the contrary, appellant can appropriately urge on appeal a construction of the statute which will render it constitutional, if that contention was made below.

Appeal from St. Louis City Circuit Court.—*Hon. Victor H. Falkenhainer,* Judge.

AFFIRMED.

*Leighton Shields* for appellants.

(1) No cause of action is stated in the plaintiff's petition requiring the filing in court of an accounting by the defendant trustee, as a matter of equity or as a matter of law, absent a special statute providing such duty. State ex rel. McManus v. Muench, 217 Mo. 124. (2) The

McManus v. Park.

Act of 1911, does not create a duty requiring the defendant trustee to file in court an accounting, because such act applies only to trustees appointed by the court, and executing trusts created under wills, which became effective after the enactment of the statute.  (3)  In interpreting this statute, section 1 controls the conditions of the jurisdiction conferred by the act and provides a prospective operation.  Straughan v. Meyers, 268 Mo. 588.  (4)  This statute must be construed as having a prospective effect without exception as to its character. Leete v. State Bank, 115 Mo. 184; State ex rel. v. Wright, 251 Mo. 325; State ex rel. v. Greer, 78 Mo. 188; Shields v. Johnson County, 144 Mo. 76; 6 Am. & Eng. Ency. Law, 939.  (5)  This statute must be construed so as to save it.  Sec. 15, Art. II, Mo. Constitution; Hope Ins. Co. v. Flynn, 38 Mo. 483; Clarke v. Railroad, 219 Mo. 532; 36 Cyc. 974; 8 Cyc. 801.  (6)  This statute is not "remedial" in the sense used by the authorities, i. e., relating to the course and form of proceedings for the enforcement of a right, but even if it were "remedial" it must be construed as having a prospective effect. Clarke v. Railroad, 219 Mo. 524; Leete v. State Bank, 115 Mo. 184.  (7)  This statute is unconstitutional and void because it is special or class legislation.  Art. IV, sec. 53, par. 32, Mo. Constitution; State ex rel. v. Iron Co., 268 Mo. 178; State ex rel. v. Logan, 268 Mo. 169; State ex rel. v. Roach, 258 Mo. 561; Bridges v. Mining Co., 252 Mo. 53; State ex rel. v. Miller, 100 Mo. 448.

*D. D. Holmes* for respondent.

(1) The case of State ex rel. v. Muench, 217 Mo. 124, in so far as it strips the circuit court of authority over. trustees appointed by the court to succeed those named by will, should be overruled, as it is against the established weight of authority.  39 Cyc. 515, 316, 317; Perry on Trusts, sec. 474; Lewin on Trusts (Am. Ed.), p. 617, par. 16; Gottschalk v. Trust Co., 102 Md. 521; Cromey v. Bull, 4 K. L. Rep. 787; Bispham's Principles of Equity

McManus v. Park.

(9 Ed.), secs. 135, 148; Minors v. Batteson, L. R. 1 App. Cases, 428. (2) The court appointing a trustee, or the court to which a trustee has applied for directions concerning the administration of his trust, has thereafter complete jurisdiction over the trustee and the trust estate, and can compel an accounting. Same authorities. (3) Under the statute the court has power to compel an accounting by the trustee. Laws 1911, p. 430. (4) The Act of 1911 is, by its terms, retroactive, so as to include within its provisions trustees appointed prior to its enactment. In construing the statute, its title, as well as its contemporaneous history, should be taken into account. People ex rel. Colling v. Spicer, 99 N. Y. 233; Straughan v. Meyers, 268 Mo. 588; Ins. Co. v. Talbot, 113 Ind. 379. (5) The act is remedial, and should be construed to operate retroactively. 36 Cyc. 1209; Black on Interpretation of Laws (2 Ed.), pp. 403-4; Ins. Co. v. Talbot, 113 Ind. 378; Clark v. Railroad, 219 Mo. 532; Abbott v. Mining Co., 255 Mo. 378. (6) The Act does not violate Art. IV, sec. 53, par. 32, of the State Constitution, as class legislation. Ex parte Loving, 178 Mo. 209; Hawkins v. Smith, 242 Mo. 695.

WHITE, C.—This is a proceeding brought by the plaintiff to compel an annual accounting by defendant, as trustee of the estate in which the plaintiff was one of the beneficiaries. The defendant filed a demurrer to the petition, which was overruled; defendant declined to plead further and judgment was entered for plaintiff in accordance with the prayer of the petition, from which judgment defendant appealed.

The accounting prayed for is that required by the Act of 1911 (Laws 1911, p. 430), Sections 13429 and 13430, Revised Statutes 1919. The will of Camilla S. McManus, mother of the plaintiff, was probated November, 1905. One William F. Crow was appointed by the will trustee of a certain fund mentioned in the will. Crow died in December, 1907. On a proceeding brought in the Circuit Court of St. Louis, in May, 1908, the defendant, Matthew

Park, was appointed by that court as the successor of Crow.

The defendant herein asserts that the petition states no cause of action, because it shows that the Act of 1911, providing for annual accounting of a trustee appointed by the circuit court, was passed subsequent to his appointment, and the vesting of the trust estate in him. The will, attached as an exhibit to the petition, executed in 1896 by Camilla S. McManus in the City of Saint Louis, after certain other provisions, devises to the son of testatrix, Walter McManus, one-third, and to the daughter one-third, of all the estate, and then provides for the trust as follows:

"Fifth: I give, bequeath and devise to my friend William Crow, of the City of St. Louis and State of Missouri, a like one-third part of all my estate, real, personal and mixed, and wheresoever situated, to have and to hold the same as trustee for the uses and purposes hereinafter stated. I hereby give said trustee, or his successors in this trust, full power, with the approval of the St. Louis Circuit Court, to sell any of the property subject to this trust. I hereby authorize and direct said trustee, from time to time, to invest all moneys and the proceeds of all property subject to this trust that may be sold, either in well secured first mortgage loans on improved real estate in the City of St. Louis and State of Missouri, or in other well approved securities, and to pay the net income received therefrom, together with the net income received from all of the property subject to this trust, semi-annually to my granddaughter, Camilla S. Wolcott, during her life. Should my granddaughter, Camilla S. Wolcott, die and leave surviving her my two children, Thomas Ward McManus and Maggie Emma McManus, then it is my will that all the property held subject to this trust be divided equally between my two children; and if but one of my two children shall survive my said granddaughter, then it is my will that all the property held subject to this trust shall be by

287 Mo.—8

said trustee conveyed and delivered to my surviving child, to be held as his or her absolute property.

"Should my two children, Thomas Ward McManus and Maggie Emma McManus, both die and leave surviving them my said grandaughter, Camilla S. Wolcott, then it is my will that all the property held subject to this trust shall be by said trustee conveyed and delivered to my said granddaughter, to be held by her, as her sole and separate property, and free from the control, rights or liabilities of any husband she may have.

"It is my will that the trustee charged with the execution of this trust shall be required to give adequate bond, and that he shall receive proper compensation for his services in executing said trust."

The will then appoints Thomas Ward McManus executor. A codicil was made, executed and annexed to the will, July 8, 1903, reciting that the daughter of the testatrix, Maggie E. McManus, had died since the execution of the will, and devising all that part of the estate which said daughter would have taken under the will, had she lived, to Thomas Ward McManus and to the granddaughter Camilla S. Burroughs.

The petition sets up the facts above mentioned and alleges that the exact value of the trust estate was unknown to plaintiff, but that its value was approximately two hundred thousand dollars, consisting mainly of real estate from which rentals were derived of considerable value; it sets up the interest of the plaintiff and Camilla S. Burroughs in the trust estate, and alleges that it was the duty of Park, as trustee, to present to the circuit court at least once each year, and at such other times as said court may require a report of the condition of such estate, but that since the appointment of Park as such trustee he had wholly refused to make any report whatever to the circuit court. The petition prays:

"For an order of this court requiring the said Matthew Park, trustee, to file with this court an accounting of the administration of such estate from the time of his appointment; . . . and for an order requir-

ing a trustee to file an annual report of the condition of said estate," etc.

I. The appellant contends that the Act of 1911 should be construed so as to apply only to trust estates created after the enactment of that law; that otherwise it would be unconstitutional, inimical to Section 15, Article II, of the Constitution which pro-

**Retrospective Law.** vides that no law "retrospective in its operation . . . can be passed by the General Assembly." It is contended that if the Act of 1911 is ambiguous in its terms, one construction of which would render it unconstitutional, and another constitutional, it must be so considered as to make it harmonize with the Constitution. Therefore, in order to avoid. declaring it unconstitutional, it should be so construed as to apply .only to trusts created and trustees appointed subsequent to the passage of the act.

This argument proceeds upon the theory that if it is made to apply to existing trusts and trustees it is retrospective in operation. Appellant cites cases stating the rule of statutory construction that, unless a different intent in the statute is evident, its provisions are to be considered as prospective only and not retrospective. [State ex rel. v. Wright, 251 Mo. 325, l. c. 344, and cases cited.] This, however, applies only to statutes which would affect vested rights, and not to statutes which are remedial only. No one has a vested interest in the form of procedure; no one has a vested right to have his cause tried by any particular mode. [Schuermann v. Union Cent. Life Ins. Co., 165 Mo. l. c. 652; Roenfeldt v. St. L. & Sub. Ry. Co., 180 Mo. l. c. 564; State v. Taylor, 134 Mo. l. c. 144-145; State ex rel. v. Taylor, 224 Mo. l. c. 464; St. Louis v. Calhoun, 222 Mo. l. c. 52.]

This court said in case of Mainwaring v. Lumber Co., 200 Mo. l. c. 732-733:

"Acts changing remedies in any .way that do not destroy or impair vested rights, are excluded from the

rule invalidating retrospective laws, even when they are intended to retroact."

In the case of State v. Kyle, 166 Mo. l. c. 305, quoting from Cooley's Const. Limitations (2 Ed.), p. 326, it was said:

"Remedies must always be under the control of the Legislature, and it would create endless confusion in legal proceedings if every case was to be conducted only in accordance with the rules of practice, and heard onl by the courts, in existence when its facts arose. The Legislature may abolish courts and create new ones, and it may prescribe altogether different modes of procedure in its discretion, though it cannot lawfully, we think, in so doing, dispense with any of those substantial protections with which the existing law surrounds the person accused of crime."

The quotation is from a passage in Cooley on Constitutional Limitations which has been quoted in several cases by this court. A statute may retroact without being retrospective in the sense that it is inimical to the Constitution. So far as remedies are concerned, it may operate upon property rights and interests which are already vested, but the remedial *action* authorized by the statute of course applies to the future. It has been many times held by this court that a statute is not retrospective in its operation, within the terms of the Constitution, unless it impairs some vested right. [Smith v. Dirckx, 223 S. W. 104; Westerman v. Supreme Lodge K. of P., 196 Mo. l. c. 738-739; Drainage District v. Turney, 235 Mo. 80, l. c. 92-93; Abbott v. Mining Company, 255 Mo. 378, l. c. 384-385; Kreyling v. O'Reilly, 97 Mo. App. l. c. 392; Gibson v. Railroad, 225 Mo. l. c. 481; Porter v. Mariner, 50 Mo. l. c. 367; Clark v. Railroad, 219 Mo. 524.]

The case last cited construed an amendment to the Statute of Limitations and said in regard to the claim that it was contrary to Section 15, Article II, of the Constitution, l. c. 532:

"This, because the retrospective laws forbidden by that instrument are laws impairing existing vested civil rights. The law must take away such vested right, or it must create a new obligation, impose a new duty, or attach a new disability in respect to gone-by transactions, in order to be retrospective and under the constitutional ban. There is no vested right in a particular mode of procedure."

The amplification of the principle in the last sentence of the first paragraph quoted, only particularizes what is meant by existing vested rights. A law which does not impair any vested right is not retrospective in the constitutional sense, although it may change the remedy or provide new remedies for enforcing or defining such a right. The Clark case cites many cases from other jurisdictions illustrating the doctrine. In the Gibson case, supra, it was held that a statute giving the administrator of a deceased person, killed by the negligence of a railroad company in another State, the same right to sue in this State as the laws of such other State gave him, merely provided the remedy and was not retrospective so as to prevent recovery, although the death sued for occurred before the act, authorizing the suit, was passed. [225 Mo. l. c. 481.]

In the Abbott Mining Company case, 255 Mo. l. c. 384, this court, Division One said:

"A vested right in the sense in which the term was used in the foregoing quotation is a property interest in the thing itself whether it exist in contract or possession; and it is subject to whatever burden may be imposed by the State for the general welfare; that is to say, for the *enforcement and protection* of the rights of all. Laws providing and regulating remedies for the protection and enforcement of legal rights are peculiarly within this rule." (Italics ours).

In the case of Drainage District v. Turney, supra, this court, in defining a retrospective law, after using the same language used by this court in the Clark case, supra, 235 Mo. l. c. 92-93, said:

"It must give to something already done a different effect from that which it had when it transpired. In this case the only ground upon which a retrospective application of this statute is asserted is that it applies to an object already in existence at the time of its enactment. Were this a good objection it would lead to startling results, for it could as well be claimed that no statute could be enacted imposing new duties upon or giving new privileges or rights to a person already born as that these things could not be done by the Legislature with reference to a corporation already created."

Judge GOODE in the Kreyling Case, 97 Mo. App. 392, speaking of a certain statute which was claimed to be retrospective in effect, commented thus:

"So it is in a sense, but not in the technical sense which invalidates laws or restricts their operation to future affairs. That statute, of course, affects securities given before it was adopted, and is designed to do so, but it only affects the *remedy* and not the *right*. It deprives no security holder of the vested estate or interest."

The Act of 1911, under the authorities cited, requiring trustees appointed by the court in any trust estate to make an annual report only applies to procedure, is entirely remedial in operation, and affects nobody's existing right. Such trustee has no vested right in the manner of accounting for his trust. The statute may be construed to affect trust estates and trustees created before its passage without being contrary to the section of the Constitution.

II. When, on the death of Crow, the Circuit Court of the City of Saint Louis appointed Park as trustee, an order was entered of record that the court retain jurisdiction of the trustee in all matters connected with the administration of the trust. Subsequently, Park applied
Construction
of Statute.
to the circuit court for an order to sell a portion of the land held in trust for the purpose of paying certain charges, including taxes, etc., against the estate. The plaintiff here, Thomas Ward McManus, filed in this court a peti-

tion asking for a writ of prohibition to prevent the circuit court from proceeding in the matter on the ground that it had no jurisdiction. This court issued a preliminary rule in prohibition and on a hearing made the same absolute, on the ground that as the law then stood the circuit court had no jurisdiction of the trust estate; and its order retaining jurisdiction was without authority. [State ex rel. McManus v. Muench, 217 Mo. 124.]

It is evident that the Act of 1911 was intended to remedy that defect; that is, to give the circuit court jurisdiction over trustees which the ruling of this court in that case held it didn't possess. The question to be determined here is whether or not the act shall have the effect intended as applied to existing trusts, or shall be applied only to trusts hereafter created.

The appellant claims as a further reason why the demurrer to the petition should have been sustained, that the *terms* of the Act of 1911 show only that it was intendded to apply to trust estates thereafter created, and to trustees thereafter appointed. The argument is that where a statute is ambiguous a doubtful construction should be resolved in favor of its prospective operation. That is true of statutes affecting substantive rights, as has been seen; all doubts must be resolved in favor of its constitutionality. But to the contrary is the rule relating to remedial statutes; where such statutes are ambiguous, or of doubtful application, they are liberally construed in order to effect the purpose of their enactment. To that end doubts will be resolved so as to affect past as well as future transactions. [Clark v. Railroad, 219 Mo. l. c. 532-533.] This court in that case said, l. c. 533-534:

"Where a new statute deals with procedure only, prima-facie it applies to all actions—those which have accrued or are pending, and future actions. . . General words in remedial statutes may be applied to past transactions and pending cases, according to all indications of legislative intent and this may be *greatly influenced by considerations of convenience, reasonableness and justice.*" (Italics in the opinion).

The above passage is quoted by this court from Sutherland on Statutory Construction. The court then quotes from another text-book (Endlich on Interpretation of Statutes) as follows, l. c. 534:

"In this country, the general rule seems to be, in accordance with the English, that statutes pertaining to the remedy, i. e., such as relate to the course and form of proceedings for the enforcement of a right, but do not affect the substance of the judgment pronounced, and neither directly nor indirectly destroy all remedy whatever for the enforcement of the right, are retrospective, so as to apply to causes of action subsisting at the date of their passage." And further quoting from the same author: "It is said that an act dealing with procedure only applies unless the contrary intention is expressed, to all actions falling within its terms whether commenced before or after the enactment."

The ruling in that case has been approved by numerous later decisions of this court. [St. Louis v. Calhoun, 222 Mo. l. c. 52; State ex rel. v. Taylor, 224 Mo. l. c. 464; Gibson v. Railroad, 225 Mo. l. c. 481; Start v. National Newspaper Assn., 222 S. W. l. c. 872.]

The evident purpose of the Act of 1911 was to have the remedy there provided apply to *all* trustees appointed by the court before or afterwards. Such a trustee as is appointed on the failure of the trustee selected by a testator, the trustee between whom and the testator the relation of *personal* trust exists. The court appointed trustee is under no *personal* obligation, but only his official obligation to account to his *cestui que trust,* or to exhibit the state of the property in his charge. Before the act was passed there was no way to compel an accounting from such trustee except upon an allegation of mismanagement, fraud or incompetence. The beneficiary usually could not discover mismanagement in the absence of an accounting. The very purpose of having accounts filed was that the *cestui que trust* might ascertain whether there was fraud or incompetence which would justify action against the trustee.

In order to ascertain the legislative intent the language of the act must be examined. It is as follows:

"TRUSTS AND TRUSTEES: Giving Circuit Court Jurisdiction of Trustees for Estates, When.

"AN ACT giving the *circuit court by which a trustee has* been appointed, jurisdiction in all matters pertaining to the administration of *that trust,* and providing for *annual reports of trustees.*

"Section

"1.   Court to have jurisdiction, when.

"2.   Trustee to make annual reports.

"3.   Purpose of act.

*"Be it enacted by the General Assembly of the State of Missouri, as follows*:

"Section 1. *Court to have jurisdiction, when.*—If the circuit court of the county *in which a will disposing of an estate has been proved or recorded, shall for such estate appoint a trustee to succeed another* therein, *who has become disqualified to act, resigned or died,* then that court in the proceedings *wherein the appointment was made, shall have jurisdiction over such trustee, trust estate,* and the beneficiaries thereof as to all matters relating to the administration of said trust until terminated; and said court upon its own motion, or upon notice and motion by the trustee of any beneficiary thereof, may in its discretion make orders therein necessary to conserve the estate or to cause the same to be properly administered.

"Sec. 2.   *Trustee to make annual reports.*—Every such trustee, appointed as in this act described, shall present to the court, *wherein the appointment was made,* a report of the condition of said trust estate *at least once each year* and at such other times when ordered by the court so to do.

"Sec. 3.   *Purpose of act.*—For purposes of this act, the City of St. Louis shall be considered a county.

"Approved April 11, 1911."

We have put the most significant words in italics.

Two subjects are to be considered: *trustees,* and *trust estates.*

The title of the act purports to give jurisdiction of a trust estate to the circuit court by which a trustee *has been appointed*; that, of course, would apply to all trust estates created and all trustees appointed by the court, whether before or after the passage of the act. The language of Section 1 of this act gives a circuit court jurisdiction over trust estates *"in which a will disposing of an estate has been approved or recorded."* The words undoubtedly refer to a will disposing of an estate before as well as after the passage of the act. And further, in regard to the conditions under which the new appointment takes place the act provides for a case where a trustee appointed by the will *"has become disqualified to act, resigned or died."* That, of course, means where the original trustee appointed by the will has died at any time prior to the appointment of the new trustee, that would mean before as well as after the passage of the act. So, by the clear wording of the statute it is made to apply to all cases where trusts have been created by will and where trustees so appointed have died before the passage of the act as well as afterwards.

The only thing appearing in the body of the act to throw doubt upon its application to *trustees appointed* before the passage of the act are the words, *"shall for such estate* appoint a trustee." It is claimed the words "shall appoint" show conclusively that it is only *trustees* which are appointed after the passage of the act that can come within the jurisdiction of the court. It would be strange if it were the intention to vest the court with control over *estates* and *trusts* created and in which trustees have already died *before* the passage of the act, but limited the court in that regard only to cases where new trustees have been appointed *afterwards,* excluding a trustee appointed before.

It has been held by this court that where the terms of an act are ambiguous recourse may be had to the title in ascertaining the intention of the Legislature. [Straughan v. Meyers, 268 Mo. l. c. 588.] The intention expressed in the title of this act plainly shows that it is

retroactive in its application. All of the language of Section 1, except the words "shall appoint," indicates the same intent. The evident purpose of the act on account of the state of the law before its passage, the language applying it to trust estates created and for which trustees failed before its enactment, the absence of any reason why it should be made to apply only to subsequently appointed trustees, all indicate that the legislative intent was to cure the trouble pointed out in the case of State ex rel. v. Muench, supra.

We think that a construction of the statute under consideration so as to make it apply to trustees appointed as well as trust estates created, before and after the passage of the act, would meet the evident intention of the Legislature, and not do violence to the plain meaning of the language used.

III. It is further claimed that the act is unconstitutional because it is inimical to Article 4, Section 53, of the State Constitution, paragraph 32 of that section, in that it is class legislation. Defendant did not raise the constitutional question in the circuit court. No section of the Constitution is mentioned in the demurrer to the petition, nor in the motion for new trial. The section of the Constitution which is claimed to be violated must be specifically pointed out and pressed upon by the trial court before a party can be heard to urge the constitutional question here.

The appellant, as considered in Paragraph I above, could appropriately urge upon this court a construction of the statute which would make it constitutional, and that is a different matter from questioning the constitutionality of the statute. We could consider the first, but are unable to consider the latter when it was not specifically urged upon the circuit court.

The judgment of the circuit court is affirmed. *Mozley* and *Railey, CC.,* concur.

*PER CURIAM.*—The foregoing opinion by WHITE, C., is adopted as the opinion of the court. All of the judges concur.