STATE ex rel. Don LeNEVE, d/b/a LeNeve's TV and Appliance Company, Relator,

v.

Honorable James A. MOORE, Judge of the Circuit Court of Jackson County, Respondent.

STATE ex rel. Harold F. GOEBEL, Relator,

v.

Honorable William M. TURPIN, Judge of the Circuit Court of St. Charles County, Respondent.

Nos. 51921, 51993.

Supreme Court of Missouri, En Banc.

Nov. 14, 1966.

Harold L. Caskey, Butler, for relator LeNeve.

Adolph K. Schwartz, St. Louis, for relator Goebel.

Richard P. Shanahan, Jones & McDaniel, Kansas City, for respondent Moore.

Robert V. Niedner, Paul F. Niedner, Niedner, Niedner & Moerschel, St. Charles, for respondent Turpin.

DONNELLY, Judge.

These are original proceedings in prohibition, consolidated for the purpose of this opinion.

In No. 51921, Relator, a resident of Bates County, Missouri, seeks to prohibit Respondent, Judge Moore, from proceeding with the trial of a tort action brought against Relator in the Circuit Court of Jackson County, Missouri. The cause of action accrued in Jackson County, Missouri, on April 7, 1965. The action in question was instituted on October 26, 1965.

In No. 51993, Relator, a resident of St. Louis County, Missouri, seeks to prohibit Respondent, Judge Turpin, from proceeding with the trial of a tort action brought against Relator in the Circuit Court of St. Charles County, Missouri. The cause of action accrued in St. Charles County, Missouri, on May 9, 1965. The action in question was instituted on October 20, 1965.

Our venue statute, § 508.010, RSMo 1959, V.A.M.S., was amended, effective October 13, 1965, by adding the following: "(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published."

The question for determination in both cases is whether this statute shall operate retrospectively or prospectively. If the statute may operate retrospectively, the Respondent Judges should be allowed to proceed in the counties where the causes of action accrued. If the statute must operate prospectively, the Respondent Judges should be prohibited from proceeding in the counties where the causes of action accrued.

Article I, Section 13 of the Constitution of Missouri, 1945, V.A.M.S., provides: "That no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted."

Applicable rules of law are stated in State ex rel. Clay Equipment Corpora-

tion v. Jensen, Mo.Sup., 363 S.W.2d 666, at 669, as follows: "The mentioned constitutional provision does not apply in some cases, as for example, to a statute dealing only with procedure or the remedy. In such case the statute applies to all actions falling within its terms, whether commenced before or after the enactment, that is, unless a contrary intention is expressed by the legislature, and a statute affecting only the remedy may apply to a cause of action existing at the time the statute was enacted. See Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852. Darrah v. Foster, Mo.Sup., 355 S.W.2d 24, 29(3); Aetna Insurance Co. v. O'Malley, 342 Mo. 800, 118 S.W.2d 3, 8. The rule governing the applicability of a procedural statute is stated in Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 43, as follows: 'No person can claim a vested right in any particular mode of procedure for the enforcement or defense of his rights. Where a new statute deals with procedure only, prima facie it applies to all actions—[including] those which have accrued or are pending and future actions.' * * *."

We come then to the questions: (1) whether the statute deals only with procedure; and (2) whether its language evidences a clear intention on the part of the Legislature that it shall operate prospectively only.

In an annotation contained in 41 A.L.R. 2d 798, we find this statement: "No cases prohibiting the retroactive application of venue statutes on constitutional grounds have been found; this is so whether the statute was applied to a cause of action accrued prior to, but sued upon after, the effective date of the statute, or to an action pending in the trial court on the effective date of the statute."

In the cases of In re Robertson (D.C. Mo.), 127 F.Supp. 39, and United States v. National City Lines, Inc., (D.C.Cal.), 80 F.Supp. 734, "venue" was characterized as a procedural matter. In the case of Dowlen v. Fitch, 196 Tenn. 206, 264 S.W.2d 824, 266 S.W.2d 357, 41 A.L.R.2d 791, an action for injuries sustained in an automobile accident was brought in the county where the accident occurred. The defendants were residents of another county of the State. The accident occurred before the effective date of a statute providing for such venue. The Supreme Court of Tennessee held that the defendants had no vested right in the venue provisions existing at the time the cause of action accrued, and construed the amendment of the venue statute as applicable to actions brought after the effective date of the amendment.

■ We are of the opinion that a venue statute, as a general rule, is procedural or remedial in character and may apply to a cause of action existing at the time it was enacted, unless the Legislature has expressed a contrary intention.

■ "The basic rule of statutory construction is to seek the intention of the lawmakers and, if possible, to effectuate that intention, and the court should ascertain the legislative intent from the words used, if possible, and should ascribe to the language used, its plain and rational meaning. * *." State ex rel. Clay Equipment Corporation v. Jensen, Mo.Sup., 363 S.W.2d 666, at 669. Our venue statute, as amended, provides that in all tort actions " * * * the suit may be brought in the county where the cause of action *accrued* * * *." (Italics ours.) The Legislature could have expressed an intention to look to the future by substituting the word "accrues" for the word "accrued." It did not do so. We think this evidences a clear intention on the part of the Legislature that the statute may operate retrospectively.

We recognize that this Court, in the Jensen case, held the statute there in question prospective in its application, stating at 363 S.W.2d 666, 670: " * * * We cannot construe the statutory provision to apply to the commission of torts which predated the effective date of the Act. To do so would be to attach a new obligation or duty and

impose a new *disability* in respect to prior acts and transactions. To apply the statute retroactively would be to change *the legal effect of past transactions.* The commission of a tort by the foreign corporation imposed no such obligation or duty, nor did it have such a legal effect, when the alleged tort was committed. * * * ."

However, the ruling in the Jensen case is not applicable here. There, § 351.630(2) RSMo 1959, as amended Laws 1961, p. 257, V.A.M.S., provided: *"If a foreign corporation commits a tort,* excepting libel and slander, in whole or in part in Missouri against a resident or nonresident of Missouri, *such acts shall be deemed to be doing business in Missouri* by the foreign corporation *and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of Missouri and his successors to be its agent and representative to accept service of any process in any actions or proceedings against the foreign corporation arising from or growing out of the tort.* Service on the secretary of state of any such process shall be made by delivering to and leaving with him or with any clerk having charge of the corporation department of his office, duplicate copies of the process. *The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri."* (Italics ours.)

That statute (since declared invalid for failure to meet the requirements of due process, State ex rel. M. Pressner and Company v. Scott, Mo.Sup., 387 S.W.2d 539) attached new disabilities in respect to torts already committed. It attempted to enlarge jurisdiction in Missouri over foreign corporations committing torts in this State. In affected the power of Missouri courts to adjudicate rights and obligations of foreign corporations. The statute in the instant case affects only *where,* in Missouri, rights and obligations of litigants may be adjudicated. The fundamental distinction

is that the statute in the Jensen case affected *substantive rights* whereas the statute here affects only *remedial* or *procedural rights.*

We hold that § 508.010(6), RSMo 1959, as amended Laws 1965, V.A.M.S., may operate retrospectively and that Respondent Judges may proceed in the counties where the causes of action accrued.

We do not, in these proceedings in prohibition, rule other questions raised in Relators' briefs. The preliminary rules in prohibition are ordered quashed.

All concur except HYDE, J., and STORCKMAN, C. J., who concur in result.