**STATE of Missouri, ex rel. Paul NICHOLS, Relator,**

v.

**Honorable Elgin T. FULLER, Special Judge of the Circuit Court of Pike County, Missouri, Respondent.**

No. 33508.

St. Louis Court of Appeals.

Missouri.

Dec. 16, 1969.

Van Matre & Van Matre, Mexico, for relator.

Lewis, Rice, Tucker, Allen & Chubb, James W. Herron, Charles S. Clayton, St. Louis, Schaper & Woods, Bowling Green, for respondent.

WEIER, Commissioner.

By prohibition, relator Paul Nichols seeks to make absolute our writ denying respondent circuit judge the liberty to proceed further in a suit filed in the Circuit Court of Pike County. Only one issue is presented for decision. Does the "single-act" statute which gives our courts jurisdiction over nonresidents (Section 506.500, RSMo 1959, 1967 Supp., V.A.M.S.) apply retrospectively to causes of action which

accrued before the passage of the act or prospectively only? We find that the act does not contain any language which indicates that it was intended to apply only to those actions which accrued after its effective date. We further find that the act is procedural; that it does not create any substantive rights or legal relationships; and that it is retroactive in its application to causes of action which accrued before the effective date of the law and suits pending at that time. The preliminary writ is therefore dissolved.

Section 506.500, supra, became effective October 13, 1967. It provides that any person, firm or corporation, who in person or through an agent does any of the acts enumerated, submits himself or itself to the jurisdiction of the courts of this state on any cause of action arising out of the doing of such acts. Enumerated acts are the transaction of any business, the making of a contract, the commission of a tortious act, the ownership, use or possession of real estate, and contracting to insure persons or property. Such acts must be done, or property affected must be located, within this state.

Section 506.510, RSMo 1959, 1967 Supp., V.A.M.S., provides for personal service upon the defendant by a person authorized to serve process in the state where the defendant may be served. Transmission of the papers and payment of fees are made to a court officer in the receiving state. A return of service is made over affidavit of the process server.

The writ of prohibition was here sought by relator Nichols who was named a defendant in an amended petition filed in a case venued in Pike County, Missouri. In this petition plaintiffs alleged that defendant with Marion Mackey and others entered into a joint adventure to purchase approximately 540,000 acres of land in the State of Bahia, Brazil. In furtherance of this joint adventure, it was alleged that during the months of February and March, 1957, Mackey represented to plaintiff this land could be bought for $1.00 per acre; that defendants had raised sufficient funds to purchase a two-thirds interest in the tract at that price, but needed other investors who would invest $180,000.00 for a one-third interest to make up the balance; and that defendants would cause a Missouri corporation to be formed in which plaintiffs would receive shares of common stock representing their proportionate interests. Plaintiffs related that they raised $125,000.00 and deposited this sum with defendant, but that instead of the option price being $1.00 per acre, it was approximately 33 cents per acre and that 527,000 acres were purchased by defendants for $170,000.00, of which most of the consideration was supplied with plaintiffs' money. The plaintiffs said that Mackey knew his representations were false and that the other defendants knew or should have known of the representations and accepted the money with knowledge of Mackey's representations. Furthermore, that in addition to being co-venturers, the defendants, including Nichols, ratified the misrepresentations. A fiduciary relationship based upon agency combined with a failure to disclose the true price of the land was alleged. In Count I of the petition plaintiffs prayed that the interest of the defendants in the land be declared to be held in trust for the benefit of plaintiffs or in the alternative for an accounting in money. Count II prayed for nullification of the agreement, restoration of $125,000.00 with interest and punitive damages.

Personal service on Nichols was obtained in Pike County, Illinois, on August 5, 1968, by a deputy sheriff of that county. Thereafter, on August 16, 1968, Paul Nichols the nonresident defendant, appeared specially and filed his motion to dismiss. After an order overruling the motion and ordering relator to plead on or before March 20, 1969, application for a preliminary writ of prohibition was filed and granted.

■ Relator Nichols says that the Circuit Court of Pike County, Missouri, has no

jurisdiction to hear this cause against him. His reasons for this opposition to the exercise of jurisdictional authority are twofold. The first point relied on is that Section 506.500, supra, does not apply retroactively. Relator bases this contention in large part on the language of the section which he says evidences a legislative intent that it be limited to prospective application only. He relies mainly upon the case of State ex rel. Clay Equipment Corporation v. Jensen, Mo., 363 S.W.2d 666, which construed the effect of Sec. 351.630(2) RSMo 1959, 1961 Supp., V.A.M.S. This statute was passed by the legislature during its regular 1961 session and became effective October 13, 1961. It provided that if a foreign corporation committed a tort against any person in Missouri such act would be deemed doing business in this state and would be deemed equivalent to the appointment by the corporation of the Secretary of State of Missouri as "its agent and representative" for the service of process. It went on to say: "The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri." The issue before the court was whether this act was exclusively remedial and procedural in character and the statutory language implied a retroactive construction and application. (p. 668) The court found that it did not. The rule that our constitutional provision prohibiting enactment of retrospective laws (Const.1945, Art. I, Sec. 13, V.A.M.S.) does not apply to statutes dealing only with procedure or remedy was recognized (p. 669) but to hold this statute retroactive would change the legal effect of past actions and impose new duties and attach new disabilities with regard to transactions or acts already past. The opinion held that

the plain terms of the statute showed that the legislature intended that the commission of a tort would create a new legal relationship and status affecting the tort feasor. The court emphasized the fact that throughout the section the phrase "shall be deemed" was used. The use of the word "shall" was pointed out as showing a clear intent that the law be applied prospectively. (p. 670)

We are confronted with a different procedural statute in Sec. 506.500 which is couched in terms and based upon an entirely different jurisdictional concept than that contained in Sec. 351.630. Sec. 351.630 attempted to extend the jurisdiction of Missouri courts by creating three new legal relationships upon the commission of a tort in the state by a foreign corporation: One, a status of doing business in the state; two, appointment of the secretary of state as agent to receive service; and three, an agreement or contract that such service shall be of the same effect as if served personally. Expressed in words that indicated prospective application, the court could only arrive at the conclusion which it found in Jensen. As stated in Jackman v. Century Brick Corporation of America, Mo., 412 S.W.2d 111, 113,[1] referring to Jensen, "The court held that substantive rights were created and that the general assembly intended the act to be prospective only in its application." After the service provisions of the section were repealed and a new subsection enacted in 1965 (Sec. 351.633 (2)), the court in Jackman held this portion of the act to be purely procedural and not substantive. It found that it operated retrospectively as well as prospectively. (p. 116) Previously the court in State ex rel. LeNeve v. Moore, Mo., 408 S.W.2d 47, in determining the retroactive effect of an amendment to our venue statute [2] said that the statute in the Jensen case affected sub-

---

1. For a legal history and interpretation of the "single-tort" act, Sec. 351.630, later amended and re-enacted as Sec. 351.633, see this case.

2. Section 508.010, RSMo 1959, V.A.M.S., was amended in 1965 by adding subsection 6 authorizing the bringing of a tort action in the county where the cause of action accrued.

stantive rights whereas the venue section before the court affected only remedial or procedural rights. Hence, the latter section applied to the causes existing at the time it was enacted (p. 50).

■ Sec. 506.500 did not spring into being as an original and unique concept of extra-territorial jurisdiction by our general assembly. In its essential parts it is nearly a verbatim copy of the Illinois "single-act" statute, Sec. 17, Chap. 110, Ill.Rev.Stat. 1967.[3] As such it comes to us with a presumption that it was enacted with the construction placed upon it by the courts of that state, unless contrary to the clear meaning of the terms of the statute. (General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442, 447; Ziervogel v. Royal Packing Co., Mo.App., 225 S.W.2d 798, 804).

The Illinois statute was considered by the supreme court of that state in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, and found to be remedial and procedural and therefore applicable to a cause of action which accrued before the effective date of the act. The New York Court of Appeals in Longines-Wittnauer Watch Co., Inc., v. Barnes & Reinecke, Inc., 15 N.Y.2d 443, 261 N.Y.S.2d 8, 209 N.E.2d 68, certiorari denied, Estwing Mfg. Co. v. Singer, 382 U.S. 905, 86 S.Ct. 241, 15 L.Ed.2d 158, in following the decision in Nelson, held the New York statute, which is patterned after the Illinois act, to be procedural and so retroactive. The United States District Court for the Western District of Missouri,

after an exhaustive review of authorities, in the case of Adams Dairy Company v. National Dairy Products Corp., 293 F.Supp. 1135, came to the conclusion that Missouri courts would uphold Sec. 506.500 as a valid procedural enactment with retroactive application. A review of the cases in this opinion indicate that "implied consent" statutes such as our Sec. 351.633 (formerly Sec. 351.630) as found in Jensen, supra, cannot generally be given retrospective application since it is not possible to imply consent retrospectively.

■ The relationships described in the "single-act" statute (Mo. Sec. 560.500) are basic, fundamental relationships created by the acts of the parties. In many factual situations, they may be in existence before the enactment of the statute. These are the acts which have been made the bases for the right of the state to assert in personam jurisdiction in order to provide a forum for the redress of wrong or the compensation of injury created or caused by a nonresident. The "single-act" statute does not create these relationships but merely establishes a forum and procedure for bringing the action and obtaining service of process designed to give the defendant actual notice. It does not depend upon a fictional or implied consent to exercise jurisdiction. This statute is remedial and procedural and it applies to causes of action which may have accrued before its effecticve date.[4]

The case of State ex rel. Mercantile National Bank at Dallas v. Rooney, Mo., 402

---

3. In a report on Senate Bill 130, which was enacted as Sec. 506.500, Missouri Senate Majority Leader William B. Waters described it:

"Senate Bill 130 is another effort to overcome any constitutional objections to broadening our laws for the service of process and taking personal judgments against nonresidents * * *. This law was represented as being virtually identical to a similar law adopted by the State of Illinois which, it is said, has been held to be constitutional." (23 J.Mo.Bar at 455).

4. For cases holding single-act statutes retrospective in jurisdictions other than Missouri, see annotation in 19 A.L.R. 3rd 138. For articles on this issue, see Hess and O'Sullivan, "The New Missouri 'Long-arm Statute' ", 24 Mo.B.J. 104; Happy, "Missouri's New Long Arm Statute: Can It Be Applied Retroactively?", 24 Mo.B.J. 491.

S.W.2d 354, has also been advanced by relator as authority for his contention that the Missouri courts may not acquire jurisdiction over him. This prohibition proceeding arose out of a case where a judgment for damages for conversion of an airplane had been appealed and the Supreme Court had granted a new trial. Four days after the rendition of the decision, the defendant, Hedrick, died and relator Bank was appointed his executor under authority of the laws of Texas. Service in the original suit had been started by attachment which was dissolved after the defendant entered his appearance. Respondents were relying on Sec. 507.100, RSMo 1959, V.A.M.S., which covered substitution of parties in the event of death and Sec. 506.160⁻relative to service by mail or publication to obtain jurisdiction over the executor. This case turned upon the lack of statutory authority for the state court to acquire jurisdiction of a foreign executor. Incidental reference was made by the court to Restatement of the Law, Judgments, Sections 22 and 23, published in 1942, which restated the law in effect at the time when written concerning nondomiciliary jurisdiction in cases where one carries on business or commits a tort in the state. Each of the sections closes with the words, "if a statute of the State so provides at the time when the cause of action arises." The court's decision was based upon the premise that since there was no statute in existence to cover the assertion of jurisdiction over a foreign executor, there was no authority to substitute it as a party. There was no issue of retroactivity in this case and the quotations were used to show that in the situations covered by the Restatement, that is, a nonresident doing business or committing a tort, there must be an applicable statute. Furthermore, the Restatement of the Law on Judgments antedates the expansion of in personam jurisdiction over nonresidents which was contemporary with and followed

International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Rooney does not rule our case since it was based upon the complete absence of statutory authority and is not relevant to the issues presented here. Furthermore, the reference in the Restatement was based upon the implied-consent type of statute which is not involved here.

As a second variation on the theme that Sec. 506.500 is not retroactive, relator Nichols says that this section affects substantive rights and is not merely procedural. Arguing further, relator claims that to try to make the statute apply retroactively would be unconstitutional,[5] again referring to State ex rel. Clay Equipment Corp. v. Jensen, supra, as his authority. In Jensen (363 S.W.2d p. 669) it was conceded that if the statute there under consideration affected substantive rights, it would be a violation of Const. of 1945, Article I., Sec. 13, V.A.M.S., which prohibits the legislature from passing a law "retrospective in its operation". But as we previously pointed out, the court in Jensen and again in State ex rel. LeNeve v. Moore, supra, (408 S.W.2d p. 49) holds this constitutional provision does not apply to a statute which deals only with procedure or remedy. (So also to the same effect is Jackman v. Century Brick Corp. of America, supra, 412 S.W.2d p. 116.)

Although the constitutional issue as to the validity of Sec. 506.500 with regard to affording due process has not been raised, we should point out that our Supreme Court has had occasion to pass on this as it applied to an Illinois judgment submitted for registration in our state seeking to make it a personal judgment here. In its decision in Slivka v. Hackley, Mo., 418 S.W.2d 89, the court found that under the prototype of our statute, Ill.Rev.Stat.1957,

5. Our authority to examine and determine a constitutional issue in an original proceeding in prohibition lies in the Const.

of 1945, Art. V, Sec. 4, V.A.M.S. State ex rel. Corcoran v. Buder, Mo.App., 428 S.W.2d 935, 937.

Chap. 110, Sec. 17, there was present the minimum contacts with Illinois to satisfy "traditional notions of fair play and substantial justice" as required by International Shoe Co. v. State of Washington, supra, and authorized the enforcement of the Illinois judgment.

We hold that Section 506.500 is retroactive in its application to causes of action which accrued prior to its effective date.

The preliminary writ of prohibition is dissolved.

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, the preliminary writ of prohibition heretofore granted is dissolved.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.