Ervin SCHEIDEGGER and Elda Scheidegger, Appellants,

v.

Richard D. GREENE, Respondent.

No. 54617.

Supreme Court of Missouri, Division No. 1.

March 9, 1970.

Mogab, Hughes & Green, by Richard L. Hughes, St. Louis, for appellants.

Robert V. Niedner, Paul F. Niedner, Niedner, Niedner & Moerschel, St. Charles, for respondent.

HOUSER, Commissioner.

This appeal involves the validity of personal service of process outside this state under §§ 506.500, 506.510, and 506.520, 1967 Cumulative Supplement, V.A.M.S. (Laws 1967, S.B. 130).[1]

1. "506.500.  Actions in which outstate service is authorized.—1.  Any person or firm, whether or not a citizen or resident of this state, or any corporation, who in person or through an agent does any of the acts enumerated in this section, thereby submits such person, firm, or corporation, and, if an individual, his personal representative, to the jurisdiction of the courts of this state as to any cause of· action arising from the doing of any of such acts:  (1) The transaction of any business within this state;  (2) The making of any contract within this state;  (3) The commission of a tortious act within this state;  (4) The ownership, use, or possession of any real estate situated in this state;  (5) The contract-

ing to insure any person, property or risk located within this state at the time of contracting.  2.  Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction over him is based upon this section.
"506.510.  Service, how made—affidavit.—1.  Service of process upon any person who is subject to the jurisdiction of the courts of this state, as provided in section 506.500, may be made by personally serving the process upon the defendant outside this state, or upon a corporation by serving the process upon a managing officer or any person or corporation who shall be designated as a registered agent

In the Circuit Court of St. Charles County, Missouri, Ervin and Elda Scheidegger filed suit against Richard D. Greene and another for a total of $105,000 damages for personal injuries and loss of services arising out of a tortious act alleged to have been committed on December 19, 1965. Greene, a resident of Missouri at the time of the commission of the alleged act, moved his residence to the State of Illinois prior to the filing of the petition. Service of process was sought and obtained under the foregoing sections. Greene, appearing specially, filed a motion to quash the service and dismiss the action as to him on the ground, among others, that these statutes are not "retroactive" in operation. This motion was sustained and the case was dismissed.

On this appeal plaintiffs contend that the court erred; that these new sections should be applied retrospectively; that they are procedural and not substantive and therefore may be applied retrospectively without being (and that they are not) unconstitutional. Defendant Greene seeks to uphold the action of the circuit court, arguing that absent statutory authorization a personal judgment in this state against a nonresident based on service outside the state would be invalid; that these statutes do not authorize such process in this case because the tort allegedly committed by defendant Greene occurred before the effective date of the statute; that the language of § 506.500 evidences a legislative intent that these sections be applied only prospectively; that this is an "implied consent" statute and that implied consent statutes generally have been applied prospectively only; and that some state statutes on this subject have been held nonretrospective without reference to the implied consent theory.

■ Under Article I § 13 of the Constitution of Missouri 1945, V.A.M.S. no law retrospective in its operation can be enacted. This provision however does not apply to a statute dealing only with procedure or remedies. "In such case the statute applies to all actions falling within its terms, whether commenced before or after the enactment, * * * unless a contrary intention is expressed by the legislature * * *." State ex rel. Clay Equipment Corporation v. Jensen, Mo.Sup. (en banc), 363 S.W.2d 666, 669, cited and quoted with approval in State ex rel. LeNeve v. Moore, Mo.Sup. (en banc), 408 S.W.2d 47, 49. See also City of Kirkwood v. Allen, Mo.Sup. (en banc), 399 S.W.2d 30. No person may claim a vested right in any particular mode of procedure for the enforcement or defense of his rights, and where a new statute deals only with procedure it applies to all actions including those pending or filed in the future. Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S.W. 40, 43, cited and quoted with approval in the Jensen and Moore cases, supra. The rule

---

by such corporation in any of the several states, and shall have the same force and effect as though the process had been served within this state. 2. The process, together with a copy of the petition, and necessary fees shall be sent to a court of record or court officer at the place where the defendant may be served with process, and may be personally served upon the defendant by the person authorized to serve process at that place. 3. An affidavit of the person serving the process shall be returned to the office of the clerk or judge from which it issued. The affidavit shall state the time, manner and place of service of the process and of the copy of the petition. The court may consider the affidavit, or any other competent evidence, in determining whether service has been properly made.

"506.520. Personal judgment authorized —default judgment, when.—1. When jurisdiction over a person, firm, or corporation who is outside this state is acquired in accordance with the provisions of sections 506.500 and 506.510, the court shall have the power to render a personal judgment against such person, firm, or corporation. 2. No default judgment shall be entered until the expiration of at least thirty days after service of process. A default judgment rendered on service of process provided by sections 506.500 to 506.520 may be set aside only on a showing which would be timely and sufficient to set aside a default judgment rendered on ordinary service of process within this state."

that a procedural statute operates retrospectively as well as prospectively, unless the legislature provides otherwise, was reaffirmed in Jackman v. Century Brick Corporation of America, Mo.Sup., 412 S.W.2d 111 [3].

■ The sections in question are remedial and procedural. They do not grant substantive rights. They create no new cause of action. They merely provide a new procedural method of obtaining jurisdiction over a person, firm or corporation outside this state as to any cause of action arising from the commission of a tortious act within this state. They relate to the service of process, the purpose of which is to confer jurisdiction over the person of the defendant. They are remedial, and a statute is not retrospective if it but provides a new remedy. McManus v. Park, 287 Mo. 109, 229 S.W. 211; State ex rel. Sweezer v. Green, 360 Mo. 1249 (en banc), 232 S.W.2d 897, 900, 24 A.L.R.2d 340.

■ Does the language of these sections evidence a clear intention on the part of the legislature that these sections operate prospectively only? In seeking to ascertain the legislative intent we must ascribe to the language used its plain and rational meaning, and we consider the essential nature and character of this legislation. The condensed sense of § 506.500 is that any person, firm or corporation who or which commits a tortious act within this state thereby submits to the jurisdiction of the courts of this state as to any cause of action arising therefrom.

Citing State v. Jensen, supra; Krekeler v. St. Louis County Board of Zoning Adjust., Mo.Sup., 422 S.W.2d 265, and State ex rel. Harvey v. Wright, 251 Mo. 325, 158 S.W. 823, respondent finds an intention that these sections operate prospectively only in the grammatical use of the word "does" in § 506.500, and argues that if the legislature had intended that it be applied retrospectively the word "did" would have been used. The following language was construed as prospective only in

State v. Jensen: "If a foreign corporation commits a tort * * * such acts shall be deemed to be doing business in Missouri * * *." That language was reasonably susceptible to the construction that it pointed to a happening in the future. The language of § 506.500, however, may not reasonably be said to refer exclusively to the present or future. It more reasonably refers to the commission of any such act, whether past, present or future.

■ The en banc decision in State v. Jensen, supra, that § 351.630, V.A.M.S. is prospective in its application and substantive in character is not decisive of the question now before the court. The two statutes are distinguishable. In addition to the grammatical reason § 351.630 was held substantive in nature and prospective only in application because a contrary holding "would change *the legal effect* of past actions and would impose new duties and attach new disabilities /in respect to transactions or considerations already past." 363 S.W.2d, 1. c. 672. The court pointed out that when the alleged cause of action arose the commission of a tort by a foreign corporation "imposed no such obligation or duty," by which the court meant the enforced agreement that substituted service on the Secretary of State be the legal equivalent to personal service within the state, and did not "have such a legal effect," by which was meant the legal effect of the foreign corporation appointing the secretary as its agent to accept service of process. In other words, under § 351.630 jurisdiction over the nonresident was based upon a newly created fictional agency relationship and where the statute was enacted after the cause of action in tort arose the statute could not be held to have created a prior agency relationship which did not in fact exist. Jurisdiction under § 506.500, etc. is not based upon any such newly created statutory relationship but upon "the relationship of claimed tort-feasor and victim which relationship existed prior to the effective date of the statute, and is independent of the statute." Chovan v. E. I.

DuPont de Nemours & Company, E.D. Mich., 217 F.Supp. 808, 811.

Although not a matter of record both parties refer to an article by Senator William B. Waters, Majority Floor Leader of the Missouri Senate at the time of the enactment of these sections, in which he stated that "This law was represented as being virtually identical to a similar law adopted by the State of Illinois which, it is said, has been held to be constitutional." 23 Journal of The Missouri Bar, 1967, 452, l. c. 455. At the time of the adoption of these sections by the Missouri legislature the Illinois courts had construed their almost identical statute. In 1957 the Supreme Court of Illinois in Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673, applied the law retrospectively, holding that the new sections do not destroy an existing cause of action or create a new liability for past events but merely establish "a new mode of obtaining jurisdiction of the person of the defendant in order to secure existing rights, which are unaffected by this amendment." 143 N.E.2d, l. c. 676. In Sunday v. Donovan, 16 Ill.App.2d 116 (1958), 147 N.E.2d 401, 403, the same court held this new amendment "procedural in its nature" and that it should be applied "retroactively to all actions arising thereunder regardless of when they accrued"; that it is, in effect, "simply an addition to the legal machinery used to acquire jurisdiction over a defendant and does not add new legal rights to the body of substantive law." When one state adopts a statute of another state which the courts of the latter state have construed such construction will be held to have been adopted along with the statute. General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442, 447 [6].

This whole question was reviewed in depth in State ex rel. Nichols v. Fuller, Mo. App., 449 S.W.2d 11 (decided by the St. Louis Court of Appeals December 16, 1969), in which it was held that these sections apply retrospectively to causes of action which accrued before their passage. The sections in question do not constitute an "implied consent" statute, as respondent contends, for the reasons given in State ex rel. Nichols v. Fuller, supra. We approve of the reasoning and result reached by the St. Louis Court of Appeals. See also Hess and O'Sullivan, "The New Missouri 'Long-Arm' Statute," 24 Journal of The Missouri Bar 104; Happy, "Missouri's New Long-Arm Statute: Can It Be Applied Retroactively?," 24 Journal of The Missouri Bar 491; Hunt v. Nevada State Bank, Minn. (1969), 172 N.W.2d 292; Owens v. Superior Court of Los Angeles County, 52 Cal.2d 822, 345 P.2d 921, 926, 78 A.L.R.2d 388; and Adams Dairy Company v. National Dairy Products Corp., W.D.Mo., 293 F.Supp. 1135.

The order of the circuit court quashing the service and dismissing the action is reversed and the cause is remanded for further proceedings consistent with this opinion.

WELBORN, C., concurs.

HIGGINS, C., not sitting.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

SEILER, P. J., HOLMAN, J., and GREENE, Special Judge, concur.

STORCKMAN, J., not sitting.